**Mitchell LUDY, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S02–0303–CR–99.**

Supreme Court of Indiana.

March 6, 2003.

Kathleen M. Sweeney, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

The defendant, Mitchell Ludy, was convicted of criminal deviate conduct, criminal confinement, and two counts of battery. In a memorandum decision, the Court of Appeals affirmed. The defendant petitions for transfer, in part challenging the following jury instruction:

> A conviction may be based solely on the uncorroborated testimony of the alleged victim if such testimony establishes each element of any crime charged beyond a reasonable doubt.

Appellant's App. at 105. We grant transfer and hold that the giving of this instruction is error.

The trial objection to this instruction was that it is "an appellate standard ... rather than something that the jury needs to be instructed about." Tr. at 204.[1] On appeal, the defendant acknowledged that the instruction was upheld in *Lottie v. State,* 273 Ind. 529, 532–33, 406 N.E.2d 632, 636 (1980), but urged revision in light of the criticism of the instruction presented in *Carie v. State,* 761 N.E.2d 385 (Ind. 2002) (Dickson, J., dissenting from denial of transfer). On transfer, the defendant invites the Court to reconsider its position.

---

1. The transcript indicates that this objection was asserted by counsel for co-defendant Arnold. The trial court ruled that the instruction would be "given over objection by all defendants," to which Ludy's attorney responded, "Yes, thank you." Tr. at 205. We conclude that the trial court understood and treated the objection as made on behalf of Ludy as well as Arnold.

The challenged instruction is problematic for at least three reasons. First, it unfairly focuses the jury's attention on and highlights a single witness's testimony. Second, it presents a concept used in appellate review that is irrelevant to a jury's function as fact-finder. Third, by using the technical term "uncorroborated," the instruction may mislead or confuse the jury.

Instructions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case have long been disapproved. *Dill v. State*, 741 N.E.2d 1230, 1232 (Ind.2001). *See also Perry v. State*, 541 N.E.2d 913, 917 (Ind.1989); *Patrick v. State*, 516 N.E.2d 63, 65 (Ind.1987); *Coleman v. State*, 465 N.E.2d 1130, 1133 (Ind.1984); *Fehlman v. State*, 199 Ind. 746, 755, 161 N.E. 8, 11 (1928). "[A]n instruction directed to the testimony of one witness erroneously invades the province of the jury when the instruction intimates an opinion on the credibility of a witness or the weight to be given to his testimony." *Pope v. State*, 737 N.E.2d 374, 378 (Ind. 2000) (*quoting Fox v. State*, 497 N.E.2d 221, 225 (Ind.1986)). *See also Abbott v. State*, 535 N.E.2d 1169, 1172 (Ind.1989) ("An instruction to cautiously scrutinize the testimony of a codefendant is improper because it invades the province of the jury by commenting on the competency or the weight to be given to the testimony of any particular witness.").

When reviewing appellate claims that the evidence is insufficient to support the judgment, reviewing courts frequently confront cases in which most or all of the facts favorable to the judgment derive from the testimony of a single person, often the victim of the crime. In discussing this issue, our appellate opinions observe that a conviction may rest upon the uncorroborated testimony of the victim. *See, e.g., Garner v. State*, 777 N.E.2d 721, 725 (Ind. 2002); *Stewart v. State*, 768 N.E.2d 433, 436 (Ind.2002); *Carter v. State*, 754 N.E.2d 877, 880 (Ind.2001); *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind.2000); *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind.2000); *Spurlock v. State*, 675 N.E.2d 312, 316 n. 4 (Ind.1996); *Thompson v. State*, 674 N.E.2d 1307, 1311 (Ind.1996); *Wooden v. State*, 657 N.E.2d 109, 111 (Ind.1995); *Brown v. State*, 525 N.E.2d 294, 295 (Ind.1988).

But a trial court jury is not reviewing whether a conviction is supported. It is determining in the first instance whether the State proved beyond a reasonable doubt that a defendant committed a charged crime. In performing this fact-finding function, the jury must consider *all* the evidence presented at trial. *See* 1 IND. PATTERN JURY INSTRUCTION—CRIMINAL § 1.16 (2d ed. 1991 Supp.1997) ("A reasonable doubt is a fair, actual, and logical doubt that arises in your mind after an impartial consideration of all the evidence and circumstances in the case...."); 1 IND. PATTERN JURY INSTRUCTION—CRIMINAL § 1.01 (2d ed. 1991) ("You should not form or express an opinion during the trial and should reach no conclusion in this case until you have heard all of the evidence...."). *See also Buie v. State*, 633 N.E.2d 250, 254 (Ind.1994) (finding no error in instruction stating that: "In deciding the question of criminal intent, the jury should consider all of the evidence given in the case."); *Reed v. State*, 491 N.E.2d 182, 186 (Ind.1986) (finding proper an instruction that the jury "should consider all of the facts and circumstances in evidence to determine what evidence is of the greatest weight."); *Norton v. State*, 273 Ind. 635, 408 N.E.2d 514, 532 (1980) (approving an instruction because it "cautioned the jury to weigh *all* of the evidence, and that, before it could find the defendant guilty, it must be satisfied of his guilt beyond a reasonable doubt."); *Tewell v. State*, 264 Ind. 88, 97, 339 N.E.2d 792, 798 (1976)

(finding a preliminary instruction that emphasized that the jury was to consider "all the evidence" to be a correct statement of law). To expressly direct a jury that it may find guilt based on the uncorroborated testimony of a single person is to invite it to violate its obligation to consider all the evidence.

"The mere fact that certain language or expression [is] used in the opinions of this Court to reach its final conclusion does not make it proper language for instructions to a jury." *Drollinger v. State*, 274 Ind. 5, 25, 408 N.E.2d 1228, 1241 (1980) (*quoting Jacks v. State*, 271 Ind. 611, 623, 394 N.E.2d 166, 174 (1979)). *See also Georgopulos v. State*, 735 N.E.2d 1138, 1141 (Ind. 2000); *Lambert v. State*, 643 N.E.2d 349, 354 (Ind.1994); *Morgan v. State*, 544 N.E.2d 143, 148 (Ind.1989); *Perry v. State*, 541 N.E.2d 913, 917 (Ind.1989); *Myers v. State*, 510 N.E.2d 1360, 1368 (Ind.1987).

In addition, the meaning of the legal term "uncorroborated" in this instruction is likely not self-evident to the lay juror. Jurors may interpret this instruction to mean that baseless testimony should be given credit and that they should ignore inconsistencies, accept without question the witness's testimony, and ignore evidence that conflicts with the witness's version of events. Use of the word "uncorroborated" without a definition renders this instruction confusing, misleading, and of dubious efficacy.

For these reasons, we hold that giving this instruction was error. Noting that the instruction has a substantial history of appellate approval,[2] we overrule prior decisions inconsistent with our holding today. This new rule applies to Ludy and others whose cases properly preserved the issue and whose cases are now pending on direct appeal. *Pirnat v. State*, 607 N.E.2d 973, 974 (Ind.1993).

While the giving of the challenged instruction was error, we must disregard any error that does not affect the substantial rights of a party. Ind. Trial Rule 61. In the present case, the victim testified at the defendant's trial. The victim, age seventeen, had been arrested for robbery and was being held in the Marion County jail awaiting trial. On Sunday evening, December 17, 2000, he was in his cell reading his Bible when he heard the defendant and two other inmates say, "Let's break him in to our little system" and "Let's break him down." Tr. at 12. The other inmates then came into the victim's cell, put him in a choke hold, beat him, and dragged him to another cell where they beat him further with their hands and with "shower shoes." They then removed his pants and held his head down in a toilet, and the defendant inserted a bottle up the victim's rectum.

In addition to the victim, the jury heard the testimony of another inmate present in the cell block at the time of the attack. This witness testified that as he walked past the victim's cell, he observed the defendant and two other inmates wrestling with the victim. The witness reported that "from what I could understand, [the victim] did not want to wrestle any longer and he tried to get them off of him." Tr. at 62. The witness proceeded to another cell and then "heard a lot of banging, wrestling, the sounds of hands hitting bod-

---

2. *See, e.g., Burnett v. State*, 736 N.E.2d 259, 261 (Ind.2000); *Madden v. State*, 549 N.E.2d 1030, 1033 (Ind.1990); *Hicks v. State*, 536 N.E.2d 496, 499 (Ind.1989); *Washburn v. State*, 499 N.E.2d 264, 267 (Ind.1986); *Bear v. State*, 772 N.E.2d 413, 421 (Ind.Ct.App. 2002); *Scott v. State*, 771 N.E.2d 718, 728–29 (Ind.Ct.App.2002); *Maslin v. State*, 718 N.E.2d 1230, 1234 (Ind.Ct.App.1999); *Lottie v. State*, 273 Ind. 529, 406 N.E.2d 632 (1980); *Butcher v. State*, 627 N.E.2d 855, 860–61 (Ind. Ct.App.1994); *Mullins v. State*, 486 N.E.2d 623, 628–29 (Ind.Ct.App.1985).

ies and shower shoes and things like that." Tr. at 63. The witness heard the victim say, "Get off me ... I'm tired of this" and then heard "one or another one of them say, 'Get the hot sauce bottle.'" The witness next heard screaming and then heard the defendant say "we just stuck a hot sauce bottle in this n****r's ass." Tr. at 64, 66. The day after the incident, a registered nurse examined the victim and found bruising, cuts inside his mouth, redness to the white part of his eye, and scratches on his arms. She testified that his injuries were consistent with the victim's description of the attack. When a Marion County officer in the Sexual and Physical Abuse Unit investigated on December 22, 2000, she found two hot sauce bottles in the cell block trash container.

The erroneous instruction advised the jury that "[a] conviction may be based solely on the uncorroborated testimony of the alleged victim." Clearly the testimony of the victim was not uncorroborated. Furthermore, aside from the victim's testimony there was substantial probative evidence establishing the elements of the charged offenses. The instruction error did not affect the defendant's substantial rights. While the challenged instruction was erroneous, the error does not require reversal. In all other respects, the memorandum decision of the Court of Appeals is summarily affirmed. Ind. Appellate Rule 58(A)(2). The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.