**Todd L. ANDERSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**
**No. 02A03–0208–CR–271.**

Court of Appeals of Indiana.

June 18, 2003.

Anthony S. Churchward Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BAKER, Judge.

Appellant-petitioner Todd L Anderson presents a petition for rehearing regarding our affirmance of his conviction for class C felony child molesting in our unpublished memorandum decision handed down on March 5, 2003. *Anderson v. State*, No. 02A03–0208–CR–271, 784 N.E.2d 590 (Ind. Ct.App. March 5, 2003), In our original opinion, this court determined that the following final instruction the trial court gave was not error and, therefore, did not entitle Anderson to a reversal: "The sole and uncorroborated testimony of the alleged victim, if believed beyond a reasonable doubt, would be sufficient to sustain a conviction." Slip op. at 3. In concluding that this instruction was proper, we relied on *Burnett v. State*, 736 N.E.2d 259 (Ind. 2000); *Madden v. State*, 549 N.E.2d 1030 (Ind.1990); and *Hicks v. State*, 536 N.E.2d 496 (Ind.1989)—three cases handed down by our supreme court that approved the giving of such an instruction. Slip op. at 4. We note that the trial court also appropriately followed the applicable caselaw when it decided to give this instruction.

On rehearing, Anderson directs us to *Ludy v. State*, 784 N.E.2d 459, 462 (Ind. 2003), that was handed down the day after we decided his case. In *Ludy*, our supreme court acknowledged the prior case law authorizing such an instruction, but it decided to change its mind. Specifically, the *Ludy* court determined that the new rule condemning such an instruction as was given here applies to those defendants "whose cases are now pending on direct appeal." *Id.* Thus, because Anderson's case is currently flowing through the "appellate pipeline" on direct appeal as opposed to an appeal from the denial of a post-conviction relief petition, he may avail himself of the new rule set forth in *Ludy*.

We note that while the instruction in *Ludy* constituted error, our supreme court also determined that a reversal of his con-

viction was not warranted. *Id.* at 463. In *Ludy*, the victim who was confined in the county jail, testified along with another inmate as to the nature and details of the physical and sexual attack that was launched against him by the defendant. *Id.* at 462. A registered nurse who examined the victim following the incident also testified that the victim's "injuries were consistent with [his] description of the attack." *Id.* at 463. *Ludy* pointed out that the testimony of the victim was not uncorroborated, and concluded that there was substantial probative evidence establishing the elements of the charged offenses. Thus, it concluded that the "instruction error did not affect the defendant's substantial rights," and the error did not require a reversal of the conviction. *Id.*

In this case, M.H., the eight-year-old victim, testified that Anderson had rubbed her "privates" with his hand so hard that it "hurt." Tr. p. 32. M.H. also reported the incident to her aunt and both recounted the incident to various police officers. Tr. p. 176, 225. There were no other witnesses to the offense.[1] Aside from the testimony of M.H. and that of others who simply recounted or repeated the incident as M.H. had reported to them, we cannot say that there was substantial evidence of probative value establishing the elements of the charged offense. Thus, we can only conclude that the instruction error here affected Anderson's substantial rights to the extent that reversal is warranted. Thus, we grant the petition for rehearing, set aside Anderson's conviction and re-

mand this cause to the trial court for a new trial.

RILEY, J., and MATHIAS, J., concur.

---

1. A nurse at the Fort Wayne Sexual Assault Treatment Center examined M.H. on February 5, 2000—nearly two months after the instant offense had occurred, where it was observed that there was generalized redness and tenderness around M.H.'s vaginal area. The nurse concluded that such coloration was consistent with M.H.'s complaint that Anderson had sexual intercourse with her. Appellant's App. p. 285. This evidence is not relevant to the conviction here, however, because Anderson was acquitted of the sexual intercourse offense that had been charged as a class A felony. Slip op. at 3.