**Jerry L. BAYES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A05–0211–CR–556.**

Court of Appeals of Indiana.

July 11, 2003.

Anthony S. Churchward, Fort Wayne, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Jerry L. Bayes (Bayes) appeals his convictions of two counts of child molesting, Class C felonies, Ind.Code § 35–42–4–3; child solicitation, a Class D felony, Ind.Code § 35–42–4–6; and being an habitual offender, Ind.Code § 35–50–2–8.

We reverse and remand for a new trial.

 Bayes presents one issue for our review which we restate as: whether the trial court erred when it instructed the jury regarding the uncorroborated testimony of the complaining witnesses.

Bayes was alleged to have inappropriately touched S.B., his wife's thirteen-year-old daughter and to have threatened to kill her if she told anyone about the incident. Bayes was also alleged to have inappropriately touched S.B.'s twelve year old friend, J.S., kissed J.S.'s neck, showed J.S. a pornographic videotape, and licked the outside of J.S.'s clothing on her thighs and crotch area. Based upon these incidents, Bayes was charged with and convicted of two counts of child molesting, one count of child solicitation and being an habitual offender. It is from these convictions that Bayes now appeals.

Bayes contends that the trial court committed error by instructing the jury that his conviction could rest solely on the uncorroborated testimony of the two girls. Specifically, Bayes asserts that the instruction improperly highlights certain evidence, that the term "uncorroborated" may confuse the jury, and that the instruction sets forth an appellate standard not proper for a jury.

 Instruction of the jury is within the discretion of the trial court and is reviewed only for an abuse of discretion. *VanPelt v. State,* 760 N.E.2d 218, 224 (Ind. Ct.App.2001), *trans. denied,* 774 N.E.2d 510 (2002). This well-settled standard by which we review challenges to jury instructions affords great deference to the trial court. *Wooden v. State,* 757 N.E.2d 212, 214 (Ind.Ct.App.2001), *trans. denied,* 774 N.E.2d 504 (2002). Further, we note that any error in giving jury instructions is subject to a harmless error analysis. *Moore v. State,* 649 N.E.2d 686, 689 (Ind. Ct.App.1995), *trans. denied.*

At trial, the court instructed the jury as follows:

### COURT'S INSTRUCTIONS NUMBER *10*

The sole and uncorroborated testimony of the complaining witnesses, if believed beyond a reasonable doubt, is sufficient to sustain a conviction.

Tr. at 83.[1] Defense counsel objected to the instruction, as given, arguing that it

---

1. We note that although Bayes included the allegedly erroneous instruction in his Appendix pursuant to Ind. Appellate Rule 50(A)(2)(e), App. R. 46(A)(8)(e) mandates that "[w]hen error is predicated on the giving or refusing of any instruction, the instruction *shall be* set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto." (emphasis added).

highlights certain pieces of evidence to the jury.

Interestingly enough, on the same day that Bayes filed his brief in this case, our supreme court issued its opinion in *Ludy v. State,* 784 N.E.2d 459 (Ind.2003).[2] In that case, the jury was given an instruction very similar to the substance of the one here.[3] Our supreme court stated that the challenged instruction was erroneous because it (1) unfairly highlighted a single witness's (i.e., the alleged victim's) testimony; (2) presented an appellate standard of review that is irrelevant to a jury's function as fact-finder; and (3) possibly confused the jury by using the technical term "uncorroborated." *Id.* at 461. However, the court went on to assert that even though the instruction was erroneous, they would disregard the error if it did not affect the substantial rights of the defendant. Upon review of the transcript of Ludy's trial, the court determined that the victim's testimony was not uncorroborated and that there was substantial probative evidence establishing the elements of the charged offenses. Therefore, although the court specifically disapproved of the use of such an instruction, it affirmed Ludy's convictions because it found that the instructional error did not affect Ludy's substantial rights.

In the present case, the challenged instruction is problematic for the same reasons as those set forth in *Ludy.* The only difference here is that the instruction improperly highlighted the testimony of two witnesses rather than just one. Instructions that needlessly emphasize a particular witness, evidentiary fact or phase of the case have long been disapproved. *Ludy,* 784 N.E.2d at 461. Moreover, merely because our courts on appeal use certain language or legal terms in its opinions does not make it proper language for instructions to a jury because the term may be confusing or misleading to the panel members and because the language may be irrelevant to the jury's duties as fact-finder. *Id.* at 462.

Having determined that the giving of the instruction was error, we now turn to whether the error affected Bayes' substantial rights. At trial, the girls each testified to what happened when they were alone with Bayes. However, unlike the victim's beating in *Ludy,* there were no witnesses to Bayes' alleged touching of the two girls. Although relatives and police officers testified at trial, the testimony of the two girls regarding the details of what occurred was uncorroborated. Thus, we cannot say that the instructional error did not affect Bayes' substantial rights.

Based upon the foregoing discussion and authorities, we conclude that the jury instruction was erroneous and that this erroneous instruction affected Bayes' substantial rights. Therefore, we reverse his convictions and remand for a new trial on the charges.

Reversed and remanded for a new trial.

RILEY, J., and BAILEY, J., concur.

---

2. In overruling long-standing precedent regarding jury instructions that state that a conviction can be based on the uncorroborated testimony of the alleged victim, our supreme court held that the new rule of *Ludy* applies to cases where the issue was properly preserved and the cases were pending on direct appeal. *See Ludy,* 784 N.E.2d at 462. Bayes' case fulfills both of these requirements.

3. Ludy challenged the following jury instruction: "A conviction may be based solely on the uncorroborated testimony of the alleged victim if such testimony establishes each element of any crime charged beyond a reasonable doubt." *Ludy,* 784 N.E.2d at 460.