EVANDER, J.,
concurring in part, dissenting in part.
Because I do not believe the giving of the improper jury instruction in question was harmless error, I believe reversal is required.[8]
As observed by our sister court in Brown, the special “no corroboration” jury instruction is improper because it is likely to confuse and mislead the jury. 11 So.3d at 439. Florida Standard Jury Instruction 3.7[9] provides that: “[a] reasonable doubt as to the guilt of a defendant may arise from the evidence, conflict in the evidence, or the lack of evidence.” (emphasis added). Thus, a juror can properly conclude that an alleged victim’s testimony in a particular case is not, in and of itself, sufficient to establish a defendant’s guilt beyond a reasonable doubt. As a result, that juror may conclude that without “corroborating evidence,” a reasonable doubt exists because of the lack of evidence. It is readily foreseeable that such a juror may be misled or confused by an ensuing, and arguably inconsistent, instruction that the alleged victim’s testimony need not be corroborated. See also Ludy v. State, 784 N.E.2d 459, 462 (Ind.2003) (“[T]he meaning of the legal term ‘uncorroborated’ in this instruction is likely not self-evident to the lay juror. Jurors may interpret this instruction to mean that baseless testimony should be given credit and that they should ignore inconsistencies, accept without question the witness’s testimony, and ignore evidence that conflicts with the witness’s version of events. Use of the word ‘uncorroborated’ without a definition renders this instruction confusing, misleading, and of dubious efficacy.”).
The Brown court also concluded that the special “no corroboration” instruction is improper because it highlights the testimony of one witness. 11 So.3d at 439. I agree. I would also suggest that to approve the special jury instruction given below would open the proverbial “can of worms.” For example, if the defendant had testified in the instant case that the sexual encounter he had with the alleged victim was consensual, would he have been entitled to an instruction stating, “the testimony of a defendant need not be corroborated”?
The instant case was hardly a “slam dunk” case. Gutierrez’ primary defense was that of consent. There was no evidence of any confession or incriminating statements by Gutierrez. Furthermore, the alleged victim’s own testimony regarding the events that occurred right after the alleged attack could be viewed as supportive of a consent defense. Gutierrez did not “flee” the scene after the alleged sexual battery, but rather chose to sleep in his vehicle located in an adjacent parking space. The alleged victim did not seek help from any resident in the surrounding apartment complex after Gutierrez left her car, but rather slept in her vehicle until morning. Upon waking up, the victim *1133 then chose to approach Gutierrez to obtain her car keys.
Based on the evidence presented below I cannot conclude that the State met its burden to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict. DiGuilio, 491 So.2d at 1135.

. I agree with the majority's resolution of the other two issues raised on appeal by Gutierrez.

. This particular instruction was given in the instant case.