**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 12 2014, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
Marion County Public Defender
Appellate Division

**ANDREW BEAN**
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES S. HOWLETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1403-CR-189 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese M. Flowers, Judge Pro Tempore
Cause No. 49F19-1111-FD-84107

**November 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Charles S. Howlett was convicted after a jury trial of resisting law enforcement[1] as a Class A misdemeanor. He appeals, raising the following restated issue for our review: whether the trial court abused its discretion when it gave the jury Final Instruction No. 22 concerning the term "forcibly."

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On November 29, 2011, officers with the Indianapolis Metropolitan Police Department were dispatched to 417 South Butler Avenue on a report of a disturbance. Officer Brenda Samm arrived at the duplex first and spoke to the woman who had called 911. The woman stated that she and her landlord, Howlett, were in a dispute about her unpaid rent and that Howlett had taken the title to her vehicle from her home without her permission and left with it. Officer Samm went to the other unit of the duplex where Howlett lived and spoke with him. Officer Samm noticed that Howlett was agitated when he answered the door. Howlett refused to return the title, stating he would not return the title until his tenant settled payment of her rent. Officer Colin McNabb arrived on the scene at that time, and he also attempted to reason with Howlett, who was standing outside in front of his door at the time. Officer McNabb informed Howlett that the rent payment issue was a civil matter that needed to be dealt with appropriately and that taking the title without permission was theft. *Tr.* at 38. The officers repeatedly told Howlett to return the title, and when he did not do so, they arrested him for theft.

---

[1] *See* Ind. Code § 35-44-3-3. We note that this statute was repealed and recodified as Indiana Code section 35-44.1-3-1, effective July 1, 2012. However, because Howlett committed his crime on November 29, 2011, we cite to the statute in effect at that time.

Officer McNabb told Howlett he was under arrest and ordered him to put his hands behind his back. Howlett, who had been facing the street during the discussion with the officers, turned away from the officers to face the house and started walking toward his front door. He reached for the door to his side of the duplex. Officer McNabb grabbed Howlett's left wrist, and Howlett jerked his hand out of the officer's grasp. Howlett brought his arm up in front of his body and to his chest. At the same time, Officer Samm grabbed Howlett's right wrist to assist Officer McNabb. When Officer Samm did so, Howlett jerked his right arm away and brought it to his chest area, and he clenched his hands together, hiding them from the officers. Officer McNabb repeatedly ordered Howlett to stop resisting, but Howlett continued to clench his hands in front of his body. Howlett jerked his shoulders forward and struggled with the officers. The struggle between the officers and Howlett moved them closer to the wall on the porch where the officers were able to leverage Howlett's hands behind his back and handcuff him.

Howlett was charged with Class D felony theft and Class A misdemeanor resisting law enforcement. Prior to trial, the State dismissed the theft charge. A jury trial was held on the resisting law enforcement charge. At trial, the State tendered a preliminary instruction concerning the definition of "forcibly," arguing that the instruction was a correct statement of the law and was needed to correct a misperception contained in Howlett's statements to the jury during voir dire. *Tr*. at 13, 26-28. The trial court denied the request. After evidence was heard, the State renewed its request for the instruction on the definition of "forcibly" as a final instruction, and the trial court granted the request over

3

Howlett's objection. At the conclusion of the trial, Howlett was found guilty of resisting law enforcement as a Class A misdemeanor. Howlett now appeals.

## DISCUSSION AND DECISION

The decision to give or deny a tendered jury instruction is largely left to the sound discretion of the trial court. *Santiago v. State*, 985 N.E.2d 760, 761 (Ind. Ct. App. 2013) (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis,* 783 N.E.2d 274, 282 (Ind. Ct. App. 2002)), *trans. denied*. We review the trial court's decision only for an abuse of that discretion. *Id*. (citing *Johnson v. Wait,* 947 N.E.2d 951, 957-58 (Ind. Ct. App. 2011), *trans. denied*). On review of a trial court's decision to refuse a proposed jury instruction, we consider whether the instruction (1) correctly states the law, (2) is supported by the evidence, and (3) is covered in substance by other instructions. *Townsend v. State*, 934 N.E.2d 118, 127 (Ind. Ct. App. 2010), *trans. denied*. "We consider jury instructions as a whole and in reference to each other and do not reverse the trial court . . . unless the instructions as a whole mislead the jury as to the law in the case." *Lyles v. State,* 834 N.E.2d 1035, 1048 (Ind. Ct. App. 2005), *trans. denied* (internal quotes and citations omitted).

Howlett argues that the trial court abused its discretion in giving the jury Final Instruction No. 22, which concerned the term forcibly. He contends that the instruction unfairly emphasized evidentiary facts as proof that he forcibly resisted law enforcement. He also asserts that the instruction was given in error because it misstated the law on the element of "forcibly," and it misled the jury in light of the other instructions.

4

The instruction at issue in the present case was Final Instruction No. 22, which read as follows:

> "Forcibly" can include, but is not limited to, using physical means like turning away and pushing with shoulders, stiffening up the arms to avoid being escorted away or cuffing, and stiffening up the legs to avoid being escorted or moved.

*Appellant's App*. at 113. The instruction is a correct statement of the law. Our Supreme Court has stated that the acts mentioned in Final Instruction No. 22 have been found sufficient to meet the definition of whether conduct is forcible as it applies to the crime of resisting law enforcement. *Walker v. State*, 998 N.E.2d 724, 728 (Ind. 2013). There was evidentiary support for giving the instruction because Howlett was charged with forcibly resisting law enforcement and evidence of force was presented at trial. Additionally, no other instructions that were given contained the same information found in Final Instruction No. 22. Preliminary Instruction No. 5 and Final Instruction No. 21 provided general definitions of "forcibly," but did not provide specific examples of forcible resistance. Therefore, the substance of Final Instruction No. 22 was not covered by any other instructions.

We do not find, as Howlett contends, Final Instruction No. 22 to be misleading and confusing in comparison to the other instruction given. Both Preliminary Instruction No. 5 and Final Instruction No. 21 give general descriptions of what constitutes force under the offense of forcible resisting law enforcement. The specific actions referred to in Final Instruction No. 22 are actions that meet the descriptions contained in the other instruction and have been found to be sufficient to sustain convictions for the offense. *See Walker*,

998 N.E.2d at 728. We, therefore, do not find Final Instruction No. 22 to be confusing or misleading in light of the other instructions given.

We also do not believe that Final Instruction No. 22 invaded the province of the jury, as Howlett argues. In *Ludy v. State*, 784 N.E.2d 459 (Ind. 2003), our Supreme Court reinforced the rule that instructions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case are disapproved. *Id*. at 461. In that case, which involved criminal deviate conduct and confinement, an instruction that a conviction can be based on the victim's testimony alone was deemed to be given in error because it unduly focused on one piece of evidence, the victim's testimony. *Id*. at 461-62. The instruction in the present case does not contain the same problem. Final Instruction No. 22 related to an element of the charged offense and further defined that element. "'The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict.'" *Patterson v. State*, 11 N.E.3d 1036, 1042 (Ind. Ct. App. 2014) (quoting *Overstreet v. State,* 783 N.E.2d 1140, 1165 (Ind. 2003), *cert. denied*, 540 U.S. 1150 (2004)). We conclude that the trial court did not abuse its discretion in giving Final Instruction No. 22.

Affirmed.

BAKER, J., and ROBB, J., concur.