## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Andrew M. Barker
Stephenie K. Gookins
Campbell Kyle Proffitt, LLP
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amy Ann Price,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 9, 2015

Court of Appeals Cause No.
29A04-1408-CR-405

Appeal from the Hamilton Superior Court

The Honorable Daniel J. Pfleging

Trial Court Cause No.
29D02-1401-FB-403

**Barnes, Judge.**

# Case Summary

[1] Amy Price appeals her convictions for four counts of Class B felony burglary. We affirm.

# Issues

[2] Price raises two issues, which we restate as:

    I.    whether the trial court properly admitted the contents of Price's purse into evidence; and

    II.    whether the trial court properly instructed the jury.

# Facts

[3] In December 2013 and January 2014, Price and her husband, Aaron Harlow, burglarized several homes in Hamilton County. Price drove their car while Harlow entered the residences and stole items. At the time, Price was on parole but had stopped checking in with her parole officer, and a warrant for her arrest was issued. She was also identified as a suspect in the burglaries.

[4] Officers approached Price and Harlow while they were at a gas station and arrested them. Price's purse was located in their vehicle, and it was also transported to the police station. Price was interviewed at the police station and was given *Miranda* warnings. Price admitted that she drove Harlow to five different houses, where Harlow would enter the houses and steal items, and she would pick Harlow and the items up. The officers then asked Price for permission to go through her purse, and Price said they were "more than welcome to go through it." Tr. p. 849. The purse contained jewelry and other

items from a January 14, 2014 burglary and a pawn receipt dated January 14, 2014, for a television taken in a January 13, 2014 burglary.

[5] The State charged Price with five counts of Class B felony burglary and four counts of Class D felony theft. Price filed a motion to suppress her statement, the contents of her purse, and all evidence obtained after she was detained. The trial court denied the motion to suppress with respect to the statement but took the motion under advisement regarding the contents of Price's purse. During the jury trial, Price again asked the trial court to suppress the contents of her purse, and the trial court denied the motion. The purse's contents were admitted at trial over Price's objection. Price also objected to a jury instruction. The trial court granted a directed verdict on one burglary charge and one theft charge, and the jury found Price guilty of four counts of Class B felony burglary and three counts of Class D felony theft. The trial court entered judgment of conviction on the burglary verdicts and sentenced Price to an aggregate sentence of thirty-two years with twelve years suspended to probation. Price now appeals.

## Analysis

### I. Admission of Evidence

[6] Price argues that the trial court erred by admitting the contents of her purse into evidence. The admission and exclusion of evidences rests within the sound discretion of the trial court, and we review the exclusion of evidence only for an abuse of discretion. *Griffith v. State*, 31 N.E.3d 965, 969 (Ind. 2015). "[N]ot every trial error requires reversal. Errors in the admission or exclusion of

evidence are to be disregarded as harmless error unless they affect the substantial rights of the party." *Lewis v. State*, 34 N.E.3d 240, 248 (Ind. 2015). To determine whether an error in the introduction of evidence affected the appellant's substantial rights, we must assess the probable impact of that evidence upon the jury. *Id.*

[7] In *Pirtle v. State*, 263 Ind. 16, 29, 323 N.E.2d 634, 640 (1975), our supreme court held that a person held in police custody is entitled to the presence and advice of counsel prior to consenting to a search and that the right, if waived, must be explicitly waived. Price argues that the search of her purse was unlawful because she was not given a *Pirtle* warning prior to the search. As a result, Price argues that the admission of the contents of her purse was improper. The State counters that the purse was properly searched incident to Price's lawful arrest and that no *Pirtle* warning was necessary. We need not address the parties' arguments because any error in the admission of the purse's contents was harmless error.

[8] The contents of her purse, i.e., a pawn ticket for a television taken in one of the burglaries and jewelry and other items taken in another of the burglaries, were circumstantial evidence that she was involved in the burglaries. However, during her interview with the police, Price confessed to participating in the burglaries at issue here. Additionally, other circumstantial evidence linked Price to the burglaries. Price's shoes matched prints that were found at the scene of two of the burglaries, a victim of one of the burglaries identified Price, and a victim's business card was found in Price's trash at her apartment. Even

if the trial court erred by admitting the contents of her purse, Price's substantial rights were not affected given her confession and the other circumstantial evidence presented.

## II. *Jury Instruction*

Price argues that the trial court erred when it gave Final Instruction 9 to the jury. Instructing a jury is left to the sound discretion of the trial court, and we review its decision only for an abuse of discretion. *Washington v. State*, 997 N.E.2d 342, 345 (Ind. 2013). We undertake a three-part analysis in determining whether a trial court has abused its discretion. *Id.* First, we determine whether the tendered instruction is a correct statement of the law. *Id.* Second, we examine the record to determine whether there was evidence present to support the tendered instruction. *Id.* at 345-46. Finally, we determine whether the substance of the tendered instruction was covered by another instruction or instructions. *Id.*

Final Instruction 9 instructed the jury, in part, that:

> A person who breaks and enters the building or structure of another person, with the intent to commit a felony in it, commits burglary, a class C felony. The offense is a class B felony if the building or structure is a dwelling.

> A person who knowingly or intentionally aids, induces, or causes another person to commit Burglary commits that offense, even if the other person has not been prosecuted for the offense of Burglary; has not been convicted of the offense of Burglary; or has been acquitted of Burglary.

Count 1:

Before you can convict the Defendant of Burglary as set out in Count 1, the State must have proved each of the following elements beyond a reasonable doubt:

1. The Defendant, Amy Price;

2. knowingly or intentionally;

3. aided, induced or caused;

4. Aaron Harlow to commit the offense of Burglary . . . .

5. by transporting Aaron Harlow to and from the building or structure of John W. Cahill, Jr. and/or checking to see if the building or structure was occupied and/or delaying Mr. Cahill's entry into the building or structure.

If the State failed to prove each of the elements beyond a reasonable doubt, you must find the Defendant not guilty of burglary a class B felony as charged in Count I.

App. pp. 143-44. The instruction used similar language to detail the remaining charges against Price.

[11] Price argues that the language in paragraph 5 of Final Instruction 9 unnecessarily emphasized specific facts and highlighted specific facts that misled the jury and implied an inference of guilt. Our supreme court has held that instructions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case are disapproved. *Ludy v. State*, 784 N.E.2d 459,

461 (Ind. 2003). In *Dill v. State*, 741 N.E.2d 1230, 1231 (Ind. 2001), our supreme court disapproved of an instruction telling the jury that it could consider the flight of a person after the commission of a crime, though not proof of guilt, as evidence of consciousness of guilt. The court first stated that the instruction was ambiguous and confusing for informing the jury that flight could be evidence of consciousness of guilt, but not proof of guilt itself. *Dill*, 741 N.E.2d at 1232. Next, the court stated that trial courts should not give discrete instructions that highlight or emphasize one particular facet of the evidence. *Id.* Finally, the court stated that the instruction was misleading because it emphasized the possible inculpatory inferences to be derived from a defendant's flight while omitting consideration of contrary, innocent reasons for fleeing. *Id.*

[12] In *Ludy*, the instruction at issue provided: "A conviction may be based solely on the uncorroborated testimony of the alleged victim if such testimony establishes each element of any crime charged beyond a reasonable doubt." *Ludy*, 784 N.E.2d at 460. The court held that the instruction was erroneous because it unfairly focused the jury's attention on and highlighted a single witness's testimony, presented "a concept used in appellate review that is irrelevant to a jury's function as fact-finder," and "by using the technical term 'uncorroborated,' the instruction may mislead or confuse the jury." *Id.* at 461.

[13] Here, the trial court's instruction was based on pattern jury instruction 2.11, which concerns aiding, inducing, or causing an offense. Pattern jury instructions have not been formally approved by the Indiana Supreme Court,

and certain pattern instructions have even been held to not be a correct statement of the law. *Harrison v. State*, 32 N.E.3d 240, 252 (Ind. Ct. App. 2015), *trans. denied*. However, pattern jury instructions are given preferential treatment during litigation, and the preferred practice is to use the pattern instructions. *Id.*

[14] Paragraph 5 of the pattern instruction directs the trial court to describe alleged offense or conduct, which the trial court did in this case. The challenged instruction merely set out the elements of the offense and the allegations relied upon by the State for the elements. The jury was clearly instructed that the State was required to prove each of the elements, including those in paragraph 5. Unlike the instructions in *Dill* and *Ludy*, the instruction here did not unfairly focus the jury's attention on or highlight a single piece of evidence. The trial court did not err by instructing the jury with Final Instruction 9.

## Conclusion

[15] Any error in the admission of the contents of Price's purse was harmless, and the trial court properly instructed the jury. We affirm Price's convictions for four counts of Class B felony burglary.

[16] Affirmed.

Vaidik, C.J., and Altice, J., concur.