## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 29 2016, 7:36 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Mark Olivero
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Christopher R. Marks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 29, 2016

Court of Appeals Case No.
02A05-1506-CR-669

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge
The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No.
02D05-1411-F6-396

**Baker, Judge.**

[1] Christopher Marks appeals his conviction of Class A Misdemeanor Domestic Battery,[1] arguing that the trial court's jury instructions constitute reversible error. Finding no error, we affirm.

## Facts

[2] For three years prior to November 2014, Marks and Paige Richie had been in a romantic relationship, and for one year prior they had lived together. On November 3, 2014, Marks became suspicious that Richie was involved with another man. He tried to contact her, and changed her social media passwords, but could not reach her. Upset, Marks left work, went home, and began drinking.

[3] Richie returned home around 5:30 p.m. to find Marks on the patio. The two quickly began arguing. Marks grabbed Richie's cell phone, looking for proof of infidelity. She attempted to regain possession of her phone, but he pushed her face. She then grabbed his cell phone and threatened to call the police.

[4] Marks grabbed Richie's arm, pulled it around her back, and forced her to the ground. Neither knew that Richie's call had gone through to 911, and that the 911 dispatch was overhearing and recording the encounter. Two officers were dispatched.

---

[1] Ind. Code § 35-42-2-1.3.

[5]     Marks rubbed Richie's face into the carpet. She screamed, "Stop, get off me," but to no avail. Tr. 46-47. He wrapped his arm around her throat and dragged her through the apartment. Still looking for proof of infidelity, he forcibly removed her jeans and underwear. Just then, there was the knock of the police at the door.

[6]     Marks went to answer the door, but only after dragging Richie by her hair into the bedroom. As he exited the apartment, police officers noticed that he was breathing heavily and that he smelled of alcohol. The officers placed Marks in handcuffs and went to aid Richie. They found her naked from the waist down, shaking, crying, hyperventilating, and with a laceration above her forehead.

[7]     On November 7, 2014, the State charged Marks with Level 6 felony strangulation and Class A misdemeanor domestic battery. The charging information included an allegation that Marks's actions "result[ed] in bodily injury, to wit: physical pain or visible injury. . . ." Appellant's App. 15.

[8]     At the outset of the May 5, 2015, jury trial, the parties disagreed over the wording of the jury instructions. The State was concerned that the proposed jury instruction, which included the language, "physical pain and/or visible injury," would require the State to prove both physical pain and visible injury. Tr. 3. The State wanted the jury instruction to reflect the language in the charging information, which was clearly stated in the disjunctive. The trial court noted that Indiana Code section 35-31.5-2-29 defines bodily injury as

"any impairment of physical condition, including physical pain." The trial court sided with the State, and eventually instructed the jury as follows:

> Before you may convict the Defendant, the State must have proved each of the following beyond a reasonable doubt:
>
> 1. The Defendant, Christopher Marks,
> 2. knowingly or intentionally,
> 3. touched Paige Richie,
> 4. in a rude, insolent, or angry manner,
> 5. which resulted in bodily injury to Paige Richie, to wit: physical pain or visible injury,
> 6. when Paige Richie was living as if defendant's spouse.

Appellant's App. 54. The jury instructions also said, "The term 'bodily injury' is defined by law as meaning any impairment of physical condition, including physical pain." *Id.* at 55.

[9] At trial, Marks argued that his actions were taken in self-defense. He never argued that Richie was not injured. The jury found Marks not guilty of strangulation but guilty of domestic battery. Following a sentencing hearing, the trial court sentenced him to one year, suspended to probation. Marks now appeals.

## Discussion and Decision

[10] Marks has one argument on appeal: that the jury instructions were improper. He contends, first, that the language regarding "visible injury" altered the elements of domestic battery, and, second, that it improperly focused the jury

on the visual evidence, namely, the photographs of Richie. He points to *Ludy v. State*, in which our Supreme Court found error, albeit harmless error, in a jury instruction that improperly focused the jury's attention on and highlighted a single witness's testimony. 784 N.E.2d 459, 461 (Ind. 2003).

[11] We find both contentions to be unavailing. As for the first, we cannot agree that a jury, using these instructions, could have convicted Marks without finding that all of the elements of battery were met. Marks acknowledges that if the jury found that Richie experienced physical pain, the requirement of bodily injury would be satisfied. I.C. § 35-31.5-2-29. But he believes that if the jury only found "visible injury," the requirement of bodily injury would not have been satisfied.

[12] We cannot see how a jury could find that a victim was visibly injured without also finding that he or she was bodily injured. A visible injury is merely a species of bodily injury. There can be no visible injury of a person that is not also a bodily injury of that person. Therefore, even assuming that the jury did not find that Richie had experienced physical pain—and this is a big assumption, given Richie's testimony that when Marks was attacking her, "It hurt so bad," "It was terrible," "It was awful," and "It felt like I had to say goodbye to everybody," tr. 34—the jury would necessarily have found that she was bodily injured if it found that she was visibly injured.

[13] Turning to Marks's second contention, we cannot agree that the instruction improperly focused the jury's attention on a single witness or a single piece of

evidence. Marks believes that the word "visible" impermissibly narrowed the jury's attention to the photographs in the record. But this was not the only evidence of bodily, or visible, injury. Richie testified that she suffered a scratch on her face. Tr. 37. Such a scratch would be a visible injury. Further, the responding police officer testified that he observed injuries on Richie's face. Tr. 56. Such injuries would be visible injuries. The photographs corroborated both of these observations. State's Ex. 2-6.

[14] We do not believe that the word "visible" restricted the jury's attention in any meaningful way. All of the evidence of bodily injury consisted of either Richie's experience of pain or her visible injuries—if the instructions "narrowed" the jury's attention, its attention would have been "narrowed" to the entirety of evidence presented to prove bodily injury. This is clearly not an error.

[15] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.