ATTORNEY FOR APPELLANT
Jeffrey D. Stonebraker
Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEES
Steve Carter
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 10S01-0706-CR-232

WILLIAM T. BRADLEY,                                *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                *Appellee (Plaintiff below).*

Appeal from the Clark Superior Court, No. 10D01-0409-FA-125
The Honorable Jerome F. Jacobi, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 10A01-0510-CR-475

**June 13, 2007**

**Dickson, Justice.**

The defendant, William T. Bradley, was charged with attempted murder as a class A felony, criminal confinement as a class B felony, and aggravated battery as a class B felony. After a jury trial, he was acquitted of attempted murder but convicted on the charges of criminal confinement and aggravated battery. His direct appeal raises three claims: insufficient evidence to prove criminal confinement, violation of the Indiana Double Jeopardy Clause, and abuse of sentencing discretion. The Court of Appeals affirmed in a 2-1 divided memorandum decision. The defendant's petition to transfer challenges only the rejection of his double jeopardy claim. We grant transfer and modify one of his convictions and his sentence.

In his appeal, the defendant contends that convictions for both criminal confinement and aggravated battery violate the "actual evidence test" for reviewing claims under the Double Jeopardy Clause of the Indiana Constitution,[1] because there is a reasonable possibility that the facts used by the jury to establish the essential elements of criminal confinement were also used to establish the essential elements of aggravated battery. The Court of Appeals majority decision rejected his claim, concluding "that there is a reasonable possibility that the jury used different evidentiary facts to convict Bradley of aggravated battery and criminal confinement." Bradley v. State, No. 10A01-0510-CR-475, slip op. at 10 (Ind. Ct. App. Oct. 16, 2006). Judge Vaidik dissented on this point, emphasizing that the "proper inquiry" is not whether there is a reasonable probability that, in convicting the defendant of both charges, the jury used *different* facts, but whether it is reasonably possible it used the *same* facts. *Id*. at 22. She is correct.

The information charging criminal confinement as a class B felony alleged that the defendant knowingly or intentionally confined Vette Porter without her consent and "did so while armed with a deadly weapon, a hammer, or which resulted in serious bodily injury . . ., to-wit: open head wound requiring staples." Appellant's App'x. at 55. The charge of aggravated battery as a class B felony alleged that the defendant knowingly or intentionally inflicted injury on Vette Porter "that created a substantial risk of death or caused serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ, to-wit: open head wound and a knife wound to the back." *Id.*

The trial evidence showed that on the day of the charged offenses, the defendant and his wife (now Vette Porter) had separated and met that morning with a lawyer to discuss possible divorce proceedings. That afternoon at the marital residence, they got into an argument that culminated in his stabbing her with a knife in the back and following her into a bathroom where he pinned her over the toilet and hit her several times in the back of her head with a hammer.

The trial court instructed the jury that to convict on the charge of criminal confinement, the State must prove that the defendant "(1) knowingly or intentionally; (2) confined Vette Porter

---

[1] The "actual evidence test" was first enunciated in Richardson v. State, 717 N.E.2d 32, 49-50 (Ind. 1999).

without her consent; (3) while armed with a deadly weapon, or resulting in serious bodily injury to Vette Porter." *Id*. at 112. As to the charge of aggravated battery, the jury was instructed that the State must prove that the defendant "(1) knowingly or intentionally; (2) inflicted injury on Vette Porter that: (a) created a substantial risk of death, or (b) caused serious permanent disfigurement, or (c) caused protracted loss or impairment of the function of a bodily member or organ." *Id.* at 114.

The defendant contends that it is reasonably possible that the jury used the evidence proving confinement to also prove aggravated battery. He argues that it was impossible to ascertain whether the jury, in finding criminal confinement proved, used the fact that the defendant was armed with the hammer or Porter's open head wound (a serious bodily injury) to establish the element of force required for confinement. Thus in finding the defendant guilty of criminal confinement, the jury reasonably could have used the same evidence of the defendant intentionally inflicting an open head wound to also establish that the defendant had committed aggravated battery.

Focusing on other evidence, showing that the defendant stabbed Porter with a knife, the State argues that "[i]t is reasonable that the jury considered the stabbing with the knife to satisfy the elements of aggravated battery," and that the stabbing occurred before the defendant confined Porter in the restroom and struck her on the head with a hammer. Appellee's Br. at 12. The State urges that "the jury found Porter's confinement in the restroom both during the attack with the hammer and during the struggle over the hammer satisfied the elements of criminal confinement." *Id*. Focusing on the sequence of events, the State urges that the facts used to establish aggravated battery did not establish all the elements of criminal confinement.

We agree that it is reasonable that the jury *may* have predicated its finding of guilt regarding aggravated battery, particularly its required element of force, solely on the stabbing evidence. But this does not obviate the defendant's double jeopardy claim. From the evidence and instructions, it is reasonable that the jury *may also* have found the same element satisfied by the evidence of Porter's open head injury inflicted by the defendant with the hammer. If the latter evidence was the basis for the jury's decision, the Double Jeopardy Clause is implicated. Under the

3

actual evidence test, the Indiana Double Jeopardy Clause is violated when there is a reasonable possibility that the evidentiary facts used to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002); Boatright v. State, 759 N.E.2d 1038, 1043-44 (Ind. 2001); Johnson v. State, 749 N.E.2d 1103, 1108 (Ind. 2001); Roby v. State, 742 N.E.2d 505, 508 (Ind. 2001); Spears v. State, 735 N.E.2d 1161, 1165-66 (Ind. 2000); Hampton v. State, 719 N.E.2d 803, 809 (Ind. 1999).

Because there is a reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of both criminal confinement as a class B felony and aggravated battery as a class B felony, the Double Jeopardy Clause is violated. When two convictions contravene double jeopardy principles, we may vacate one of the convictions or "we may remedy the violation by reducing either conviction to a less serious form of the offense if doing so will eliminate the violation." Johnson, 749 N.E.2d at 1108; *see also* McIntire v. State, 717 N.E.2d 96, 101 (Ind. 1999).

The offense of criminal confinement is a class B felony when it is committed while armed with a deadly weapon or results in serious bodily injury to the victim. Ind. Code § 35-42-3-3(b)(2). If the resulting harm to the victim is only "bodily injury" rather than "serious bodily injury," it is a class C felony. Ind. Code § 35-42-3-3(b)(1). Absent the element of harm to another, criminal confinement is a class D felony. Ind. Code § 35-42-3-3(a). Reducing the criminal confinement conviction to a class C felony, as if charging only bodily injury, but not serious bodily injury, would still run afoul of double jeopardy. The same evidence (use of hammer to cause head injury) could be used to establish both criminal confinement as a class C felony (resulting in bodily injury) and aggravated battery as charged (injury creating substantial risk of death or impaired function, "to-wit: open head wound"). If we reduce confinement to a class D felony, double jeopardy principles are not violated.

Aggravated battery is a separate statutory offense defined only as a class B felony. Ind. Code § 35-42-2-1.5 The offense of battery as a class B misdemeanor is defined as a knowing or intentional touching of another person in a rude, insolent, or angry manner. Ind. Code § 35-42-2-

4

1(a). It becomes a class C felony if it "results in serious bodily injury to any other person." Ind. Code § 35-42-2-1(a)(3). Even if we transformed the conviction for aggravated battery, a class B felony, to a conviction for battery, a class C felony, the same double jeopardy problem would exist.

Rather than completely vacating either conviction in this case, we elect to remedy the double jeopardy violation resulting from the defendant's convictions for both criminal confinement as a class B felony and aggravated battery as a class B felony by reducing the criminal confinement conviction to a class D felony. For each of these class B felony convictions, the trial court sentenced the defendant to a term of fifteen years imprisonment. It ordered the sentences to be served consecutively. Under the applicable statute for class B offenses at the time, this represented a five-year enhancement above the ten-year presumptive sentence. The maximum authorized enhanced sentence for each offense was twenty years. Ind. Code § 35-50-2-5 (1977) (amended 2005). For class D felonies, the presumptive sentence was one and one-half years, to which could be added not more than an additional one and one-half years. Ind. Code § 35-50-2-7(a) (2003) (amended 2005). Consistent with the trial court's moderate enhancement of the sentence for criminal confinement as a class B felony, we order a sentence of two and one-half years for his revised conviction for criminal confinement as a class D felony. As determined by the trial court, the sentences shall be served consecutively.

We grant transfer and find that the defendant's convictions for criminal confinement as a class B felony and aggravated battery as a class B felony violate the Indiana Double Jeopardy Clause. To remedy this violation, we affirm the defendant's conviction and fifteen year sentence for aggravated battery as a class B felony, and we reduce his conviction for criminal confinement from a class B to a class D felony, for which we sentence him to two and one-half years imprisonment, to be served consecutively with his sentence for aggravated battery, for an aggregate sentence of seventeen and one-half years. In all other respects, the decision of the Court of Appeals is summarily affirmed.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.