ATTORNEY FOR APPELLANT
Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Stephen R. Creason
Deputy Attorneys General
Indianapolis, Indiana

_____

In the
Indiana Supreme Court

_____

No. 88S04-1506-CR-354

SHANE KELLER,                                          *Appellant (Defendant)*,

v.

STATE OF INDIANA,                                     *Appellee (Plaintiff)*.

_____

Appeal from the Washington Superior Court, No. 88D01-1307-FB-489
The Honorable Frank Newkirk, Jr., Judge

_____

On Transfer from the Indiana Court of Appeals, No. 88A04-1404-CR-168

_____

**January 25, 2016**

**Dickson, Justice**.

Following a jury trial, the defendant was convicted of two counts of Class B felony Burglary for breaking and entering into a farmhouse. Because the jury instruction's expansion of the statutory definition of a "dwelling" for purposes of Class B felony Burglary included misleading language and invaded the province of the jury, we direct the trial court to change the Class B felony Burglary convictions to Class C felony Burglary convictions and to resentence the defendant accordingly.

The defendant, Shane Keller, was convicted of eight felonies–three counts of Burglary, three counts of Theft, and two counts of Receiving Stolen Property–for taking possessions from a farm in Washington County, Indiana, between May and September of 2013. Two of the burglary convictions resulted from breaking and entering into an old farmhouse on the property. Jeremy Hardwick, who planned to move his family into the farmhouse "in a short period," was remodeling the farmhouse because it had been in "pretty rough" shape after sitting empty for ten to twelve years. Tr. at 501, 503. He was at the farm every day after work, feeding the animals and working on the house. The school bus dropped his daughter off at the farm in the afternoon, and he had his mail delivered there as well. The Hardwick family stored all of their belongings–except beds and the clothes they wore on a daily basis–at the farmhouse, mostly packed in boxes or piled around the house. The farmhouse had one completed bathroom, new drywall and plumbing, and a new electrical system, but several parts of the house still needed finished, including flooring, kitchen cabinets, trim, and appliance installation.

The defendant's two Class B felony Burglary convictions for breaking into the farmhouse required the jury to find that the "building or structure" broken into was a "dwelling."[1] At trial, the parties argued extensively about how the jury instructions should define a dwelling. The defendant proposed an instruction matching the statutory definition of "a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." Appellant's App'x at 568; Ind. Code § 35-31.5-2-107. The State's proposed instruction also included that statutory definition, but added a sentence based on a separate decision of the Court of Appeals discussing sufficiency of the evidence: "Any such place where a person keeps personal items with the intent to reside at some future time is considered a dwelling." Appellant's App'x at 544; *accord* White v. State 846 N.E.2d 1026, 1031 (Ind. Ct. App. 2006) (finding that sufficient evidence qualified a house as a dwelling when the victim was moving in and intended to take up permanent residence "in the near future"). The final instruction given the jury read:

_____

[1] These two burglaries were charged as Class B felonies under Indiana Code § 35-43-2-1 (1999), which read at the time of the offense: "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is . . . a Class B felony if . . . the building or structure is a . . . dwelling."

2

> For the purposes of the burglary [statute], a dwelling is defined as a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging. Any such place where a person keeps personal items with the intent to reside in the near future is considered a dwelling.

Appellant's App'x at 596. Informed by this instruction, the jury found the defendant guilty of both counts of Class B felony Burglary. The defendant appealed, alleging error in the dwelling instruction, multiple evidentiary errors, double jeopardy violations, and sentence inappropriateness. The Court of Appeals affirmed in part, reversed in part, and remanded for resentencing. Keller v. State, 25 N.E.3d 807 (Ind. Ct. App. 2015). The State petitioned for transfer, challenging the sufficiency analysis employed by the Court of Appeals–an issue not presented by the defendant. We granted transfer, thus assuming jurisdiction over the appeal and all issues. Ind. App. R. 58(A). We address only the instructional error issue and otherwise summarily affirm the Court of Appeals. *Id.*

In his challenge to the final instruction defining a dwelling, the defendant argues that "[t]he trial court erred by instructing the jury beyond the statutory definition of dwelling . . . . [by adding language that] unfairly emphasized particular facts, invaded the province of the jury and misled the jury." Appellant's Br. at 10. "We review a trial court's instructions to the jury for an abuse of discretion." Isom v. State, 31 N.E.3d 469, 484 (Ind. 2015). The trial court abuses its discretion "when the instruction is erroneous and the instructions taken as a whole misstate the law or otherwise mislead the jury."[2] *Id.* at 484-85. The challenged final instruction amplified the statutory definition of a dwelling by telling the jury that the definition would be satisfied by a specific set of facts not identified by the statute.

Article 1, Section 19 of the Indiana Constitution protects the province of the jury in criminal trials: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." An instruction that invades this province by inappropriately emphasizing certain facts is erroneous and misleads the jury. *See* Ludy v. State, 784 N.E.2d 459, 461 (Ind. 2003) ("Instructions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of

---

[2] In this case, only the challenged instruction provided guidance on the definition of a dwelling. The trial court also gave the required instruction that "[u]nder the Constitution of Indiana you have the right to determine both the law and the facts." Appellant's App'x at 579; Ind. Code § 35-37-2-2(5).

3

the case have long been disapproved.").  Here, the last sentence of the dwelling instruction told the jury that "[a]ny such place where a person keeps personal items with the intent to reside in the near future is considered a dwelling."  Appellant's App'x at 596.  By emphasizing a set of facts that would satisfy the statutory definition of a dwelling, this language restricted the jury's discretion in applying the statutory definition in light of all the admitted evidence about the farmhouse.  This also misled the jury by encouraging it to single out certain facts while ignoring others that it may and should consider.  *See* Fry v. State, 447 N.E.2d 569, 573 (Ind. 1983) (overruled on other grounds).  Under our Constitution, "it [is] the province of the jury to determine the weight to be given . . . each item placed in evidence."  Woodson v. State, 542 N.E.2d 1331, 1334 (Ind. 1989).  Because the last sentence of the instruction "invite[d the jury] to violate its obligation to consider all the evidence," the instruction invaded the province of the jury in violation of the Indiana Constitution.  Ludy, 784 N.E.2d at 462.

The State argues that "[t]he trial court did not abuse its discretion because the instruction is rooted in binding precedent."  Appellee's Br. at 15.[3]  But as explained above, ingraining a single example of a dwelling into an instruction emphasizes certain facts, which invades the province of the jury.  For this reason, we have long held that the "mere fact that certain language or expression [is] used in the opinions of this Court to reach its final conclusion does not make it proper language for instructions to a jury."  Ludy, 784 N.E.2d at 462 (alteration in original).[4]  Appellate review of the sufficiency of the evidence, as in White, will "rarely, if ever," be an appropriate basis for a jury instruction, because the determination is fundamentally different.

---

[3] The State understandably does not assert that giving the erroneous dwelling instruction constituted harmless error.  In a jury instruction harmless error analysis, "we presume the error affected the verdict, and we will reverse the defendant's conviction unless the verdict would have been the same under a proper instruction."  Kane v. State, 976 N.E.2d 1228, 1232 (Ind. 2012) (internal quotation and citation omitted).

[4] The long-standing application of this principle goes back too far to recount in full.  *See, e.g.*, Georgopulos v. State, 735 N.E.2d 1138, 1141 (Ind. 2000); Lambert v. State, 643 N.E.2d 349, 354 (Ind. 1994); Morgan v. State, 544 N.E.2d 143, 148 (Ind. 1989); Perry v. State, 541 N.E.2d 913, 917 (Ind. 1989); Myers v. State, 510 N.E.2d 1360, 1368 (Ind. 1987); Drollinger v. State, 408 N.E.2d 1228, 1241, 274 Ind. 5, 25 (1980); Jacks v. State, 394 N.E.2d 166, 174, 271 Ind. 611, 623 (1979); State v. Fisk, 83 N.E. 995, 996, 170 Ind. 166 (1908) ("Statements found in cases or text-books, however correct in the connection where found, may not always be given to jurors as propositions of law."); Unruh v. State, 4 N.E. 453, 455, 105 Ind. 117 (1886) (Even when an instruction is correct as an "abstract proposition," it may "declare[ ] as a matter of law what ought to be left to the jury to determine as a matter of fact.").

Garfield v. State, 74 Ind. 60, 64 (1881).[5] "[A] trial court jury is not reviewing whether a conviction is supported. It is determining in the first instance whether the State proved beyond a reasonable doubt that a defendant committed a charged crime." Ludy, 784 N.E.2d at 461. While the instruction accurately reflected the holding in White, that case addressed an appellate legal issue–the sufficiency the evidence–and not the facts of this case, which are reserved for the jury. White, 846 N.E.2d at 1030-31.[6] White does not justify the instruction.

The addition of the last sentence to the challenged final instruction was misleading and invaded the province of the jury and was therefore erroneous. We thus reverse the defendant's Class B felony Burglary convictions. Under the Burglary statute at the time of the offenses, Burglary was a Class C felony, but was enhanced to a Class B felony if the building or structure broken into was a dwelling. Because the erroneous language only related to the dwelling element, we instruct the trial court to modify the two Class B felony Burglary convictions from Class B felonies to Class C felonies and to resentence the defendant accordingly. *See* Bradley v. State, 867 N.E.2d 1282, 1286 (Ind. 2007). As to the other appellate issues we summarily affirm the Court of Appeals.[7] Ind. App. R. 58(A)(2).

As established, the trial court's dwelling instruction erroneously amplified the statutory definition of a dwelling for Burglary as a Class B felony by declaring that a specific set of facts constitute a dwelling instead of leaving the jury to determine the issue. We therefore reverse the two convictions for Burglary as Class B felonies and remand for the entry of two replacement convictions for Burglary as Class C felonies and for resentencing of the defendant accordingly. As to the defendant's other six convictions, the Court of Appeals is summarily affirmed.

---

[5] This is not to say that case law, including the common law, is an inappropriate basis for jury instructions. The trial court retains "broad discretion" in instructing the jury. McCowan v. State, 27 N.E.3d 760, 763 (Ind. 2015).

[6] We do not question White's sufficiency of the evidence holding, but only review the correctness of including it in the challenged instruction.

[7] The Court of Appeals re-characterized the dwelling instruction challenge as a sufficiency of the evidence issue. Because we reverse and remand on the instruction itself, we do not address the sufficiency of the evidence and do not summarily affirm as to this issue.

Rucker and David, JJ., concur.

Massa, J., dissents with separate opinion in which Rush, C.J., joins.

**Massa, J., dissenting.**

In crafting a proper jury instruction for the term "dwelling," the trial court here was placed in a difficult position:  either to rely exclusively on the text of the statute, or to further inform deliberations by incorporating the holding of White v. State, which unambiguously found that where a person maintained personal belongings in a house, and intended to take up residency in that house in the near future, it qualified as a "dwelling" for purposes of a burglary conviction, because any other result would "defy logic."  846 N.E.2d 1026, 1031 (Ind. Ct. App. 2006).  The majority finds that it was error for the trial court to incorporate the holding of White, because that panel considered a challenge to the sufficiency of the evidence supporting conviction, rather than the adequacy of a jury instruction.  Slip op. at 4–5.

I would not parse that difference quite so finely.  In White, our Court of Appeals, in no uncertain terms, identified a set of circumstances where a "dwelling" would exist, even though that set of circumstances was not identified within the statutory definition.  The trial court thus made the judgment call that White constituted an addition to the law in this area, and instructed the jury accordingly; I see no compelling reason to reverse the trial court for its handling of the situation.  If this Court wished to reject the holding of White, it could do so directly (rather than declining to reach the issue by limiting its holding to the jury instruction), and sustain the adequacy of the jury instruction given based on the state of the law *at that time*.  See, e.g., McCowan v. State, 27 N.E.3d 760, 766–67 (Ind. 2015) (sustaining conviction where jury instructions were based on appellate interpretation of Supreme Court decisions, despite this Court also disapproving those decisions at the same time).  I do not believe it is appropriate or necessary, however, to reduce the level of burglary conviction here because of the trial court's instruction that, per White, this set of circumstances, if found, "*is* considered a dwelling" rather than merely "*could be*" so considered.  Appellant's App. at 596.  I would thus find no reversible instructional error.

Moreover, nor would I reverse on sufficiency grounds as the Court of Appeals did below. The General Assembly has long provided gradations of burglary, with home invasions punished more severely than break-ins of other buildings, such as empty businesses after hours, for a number of reasons easily imagined (including the risk of violence when a burglar surprises a homeowner, see, e.g., Wallace v. State, 486 N.E.2d 445 (Ind. 1985)). This risk that someone might be there justifies a more serious charge, even if the risk is low in a particular situation. Indeed, you can live primarily at your home in the city, and if someone breaks into your empty vacation lake cottage in the dead of winter, it is still a residential burglary, as it is possible someone might be residing or lodging there. The same possibility certainly existed at the Hardwick's farm house prior to the completion of all renovations. It is not that complicated. Juries are perfectly capable of discerning a dwelling from a doctor's office, and they did so in this case, with guidance from the trial court that was not so inappropriate as to merit reversal by this Court.

I respectfully dissent.

Rush, C.J., concurs.