Bailey, Judge,
dissenting.
I agree with the majority that the State did not properly obtain its conviction. Article 1, Section 19 of the Indiana Constitution protects the province of the jury in criminal trials, allocating to the jury the right to determine the law and the facts. Keller v. State, 47 N.E.3d 1205, 1208 (Ind. 2016). Here, the province of the jury was invaded by a fundamentally erroneous instruction attempting to relieve the State of its burden of proof. However, unlike the majority, I believe that retrial is permissi *405 ble, in light of the evidence of sudden heat. Where a burden-shifting instruction has deprived a defendant of due process of law, and a conviction is reversed, retrial is allowable if the evidence at trial was sufficient to support the original conviction. Matthews v. State, 718 N.E.2d 807, 810 (Ind. Ct. App. 1999).
Our legislature has described voluntary manslaughter as an independent crime, committed when a person “knowingly or intentionally kills another human being while acting under sudden heat.” Ind. Code § 35-42-1-3. Whether to prosecute at all and what charges to bring are generally within the prosecutor’s discretion. Moala v. State, 969 N.E.2d 1061, 1067 (Ind. Ct. App. 2012). Thus, strictly speaking, the State was permitted to charge Brantley with voluntary manslaughter without having also charged him with murder. This does not mean that the State selected a wise course.
When a human being has been killed because of the knowing or intentional conduct of another, the starting point that our legislature has provided is the offense of murder. See I.C. § 35-42-1-1 (“A person who knowingly or intentionally kills another human being ... commits murder, a felony.”) When sudden heat exists that offense is mitigated. See I.C. § 35-42-1-3(b) (“The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder ... to voluntary manslaughter”)
Sudden heat is not an element of voluntary manslaughter, but, to obtain a murder conviction, the State must disprove the existence of sudden heat, beyond a reasonable doubt, when the defendant has injected that issue. Jackson v. State, 709 N.E.2d 326, 328 (Ind. 1999). The evidence of sudden heat may be derived from “the State’s case or the defendant’s own.” Id. Where the State has charged both murder and the lesser-included offense of voluntary manslaughter, the State establishes voluntary manslaughter by proving all the elements of murder, plus sudden heat, a mitigating factor. Misztal v. State, 598 N.E.2d 1119, 1122 (Ind. Ct. App. 1992).
Here, the State injected the issue of sudden heat by means of its charging information. Recognizing a heightened burden—proof of the elements of murder plus sudden heat—the State attempted to meet its burden of proof by means of a final jury instruction whereby the State purported to “concede” the existence of sudden heat. The State then argued that the issue had been conceded. By its methodology, the State withdrew from the jury an opportunity to determine the existence of sudden heat. “Existence of sudden heat is a classic question of fact to be determined by the jury.” Fisher v. State, 671 N.E.2d 119, 121 (Ind. 1996).
Having “conceded” sudden heat, the State proceeded as if it needed only to prove that Brantley knowingly or intentionally killed a human being. Brantley raised a defense of self-defense or defense of another and testified to that end. Brant-ley testified that he drew his gun and shot Bruce, a deliberate act. There was no claim of accident, insanity, or involuntary movement. There was no dispute as to whether Brantley knowingly or intentionally caused the death of Bruce, a human being. Essentially, Brantley conceded the elements of murder but claimed that the act was justified. However, the jury was not afforded the clear opportunity to decide whether Brantley acted with complete justification or had some criminal culpability because the erroneous instruction skewed the deliberative process. The erroneous instruction had effectively taken from the jury’s deliberations the very issue that the State had injected, sudden heat.
*406 This is not to say, however, that the record is devoid of evidence of sudden heat. Sudden heat is established by showing that the defendant experienced “anger, rage, resentment, or terror sufficient to obscure the reason of an ordinary person, preventing deliberation and premeditation, excluding malice, and rendering a person incapable of cool reflection.” Dearman v. State, 743 N.E.2d 757, 770 (Ind. 2001). Voluntary manslaughter involves an “impetus to kill” which arises “suddenly.” Stevens v. State, 691 N.E.2d 412, 427 (Ind. 1997).
Here, the jury heard evidence from which it could find that Brantley experienced “terror” sufficient to obscure his reason and that a “sudden impetus to kill” arose. See id. The situation was not limited to mere words. Brantley testified that he heard Bruce say “he was taking care of all of his problems right now” (emphasis added) and Bruce did so as “he came out of the chair” with a shiny object in hand. (Tr. at 592.) Necessarily, Brantley evaluated this verbal taunt and advancing movement in light of the relational background: there had been an ongoing argument between Bruce and Martha over finances and medication, Bruce had refused to allow Martha to leave the living room, Bruce had once choked Martha, he had stabbed himself, and he had a propensity to keep knives near him to open packages. Whatever Brantley’s internal processes were, they triggered a rapid response resulting in the discharge of his weapon into Bruce. Whether he acted under justification or provocation is squarely within the realm of the jury’s deliberative process. By drafting a “concession,” the instruction distorted the deliberative process.
It is a classic responsibility of the jury to evaluate the culpability associated with one’s actions. In his testimony, Brant-ley claimed that he was confronted with extreme circumstances. According to his argument, he acted without fault. The jury rejected this claim of self-defense. However, this did not require the jury to ignore the extremities of the situation. It could well have found that Bruce’s conduct fell short of that which would cause a reasonable man to fear for his life or the life of another, but nevertheless provoked Brant-ley to deliberately kill. It was prevented from doing so by the “concession” strategy-
As there is evidence of provocation and a sudden killing, there is evidence from which the jury could have concluded that Brantley acted in sudden heat. I would find fundamental error in the giving of the erroneous, invasive instruction, And sufficient evidence to permit retrial on the charge of voluntary manslaughter,[6] and remand to the trial court.

. Brantley cannot be tried on a murder charge. "[I]t has long been held in Indiana that a conviction for voluntary manslaughter is an acquittal of the greater offense of murder,” Watts v. State, 885 N.E.2d 1228, 1232 (Ind. 2008) (citing Clem v. State, 42 Ind. 420, 426 (1873)).