## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 12 2017, 10:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Destin D. Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 12, 2017<br><br>Court of Appeals Case No.<br>84A05-1609-CR-2065<br><br>Appeal from the Vigo Superior<br>Court<br><br>The Honorable John T. Roach,<br>Judge<br><br>Trial Court Cause No.<br>84D01-1504-F3-863 |

**Baker, Judge.**

[1] Destin Jones was convicted of Level 3 Felony Attempted Armed Robbery[1] and Level 3 Felony Conspiracy to Commit Armed Robbery.[2] He appeals, arguing that there was insufficient evidence to sustain his convictions. Finding sufficient evidence for Jones's conspiracy to commit armed robbery conviction but not for his attempted armed robbery conviction, we affirm in part and reverse in part, and remand for resentencing.

## Facts

[2] At 2:00 a.m. on April 2, 2015, the security surveillance video of a Speedway gas station in Terre Haute captured footage of two men outside the store. The men were wearing masks and dark hoodies, and they were carrying what appeared to be handguns. The men eventually removed their masks and hoodies and entered the store. They proceeded to the store's back area and into the office, which is not a public area; at some point, one of the men entered the restroom in the back of the store. These two men were the only people to enter the store's back area during this time. Later that morning, the manager of the Speedway went to the back office and noticed that lottery books were on the floor and that the lottery machine safe was open. He could not find the key for the lottery machine safe. The manager called the police.

---

[1] Ind. Code § 35-42-5-1; Ind. Code § 35-41-5-1(a).

[2] I.C. § 35-42-5-1; I.C. § 35-41-5-2(a)-(b).

[3] The mother of Jones's daughter became aware of the news coverage of an attempted armed robbery at the Speedway gas station. She saw pictures on Facebook, identified Jones, and called the police.

[4] The State charged him with multiple counts stemming from a crime spree that took place in late March and early April 2015.[3] These charges included Level 3 felony attempted armed robbery and Level 3 felony conspiracy to commit armed robbery, both stemming from the events at the Speedway gas station. A jury trial took place from June 13 through June 16, 2016. The jury found Jones guilty on most of the charges, including the two relevant to this appeal. The trial court sentenced Jones to an aggregate executed term of seventeen years. Jones now appeals.

## Discussion and Decision

[5] Jones argues that the State did not present sufficient evidence to support his convictions for attempted armed robbery and conspiracy to commit armed robbery. Specifically, he argues that the State failed to prove beyond a reasonable doubt that Jones did not voluntarily abandon his attempt and conspiracy to rob the Speedway gas station.

[6] An armed robbery occurs when a person knowingly or intentionally takes property from another person by using or threatening the use of force on any

---

[3] Although the State charged Jones with other crimes, we will discuss only the ones relevant to this appeal.

person, or by putting any person in fear, while armed with a deadly weapon. I.C. § 35-42-5-1. An attempt crime occurs when a person, acting with the culpability required for commission of the crime, engages in conduct that constitutes a substantial step toward commission of the crime. I.C. § 35-41-5-1(a). A "substantial step" for purposes of the attempt statute is any overt act beyond mere preparation and in furtherance of intent to commit an offense. *Collier v. State*, 846 N.E.2d 340, 344 (Ind. Ct. App. 2006). A conspiracy occurs when a person agrees with another person to commit a felony and either person performs an overt act in furtherance of the agreement. I.C. § 35-41-5-2(a)-(b).

[7] With respect to a charge of attempt or conspiracy, it is a defense that the person who engaged in the prohibited conduct voluntarily abandoned his effort to commit the underlying crime and voluntarily prevented its commission. I.C. § 35-41-3-10. The defense of abandonment is only available in cases involving attempted crimes; a person cannot abandon an attempt to commit an offense after the crime has been completed. *Barnes v. State*, 269 Ind. 76, 83, 378 N.E.2d 839, 843 (1978). An abandonment is voluntary if it originates with the accused and is not "the product of extrinsic factors that increase the probability of detection or make more difficult the accomplishment of the criminal purpose." *Smith v. State*, 636 N.E.2d 124, 127 (Ind. 1994).

[8] The State does not need to disprove the defense of abandonment "unless and until there is support for the defense in the evidence. Then it must disprove the defense beyond a reasonable doubt." *Id.* If the State must disprove the defense of abandonment, whether it sustained its burden is a question of the sufficiency

of the evidence. *See Munford v. State*, 923 N.E.2d 11, 17-18 (Ind. Ct. App. 2010). When considering a challenge to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We will affirm if the probative evidence and the reasonable inferences drawn therefrom could have allowed a reasonable jury to find the defendant guilty beyond a reasonable doubt. *Id.*

[9] The defense of abandonment does not apply to Jones' conviction for conspiracy to commit armed robbery. A conspiracy is complete when a person has the intent to commit a felony, forms an agreement with another person to commit a felony, and either person performs an overt act. *Owens v. State*, 929 N.E.2d 754, 756 (Ind. 2010). Jones does not claim that he and his companion did not intend to rob the Speedway gas station, nor does he claim that they did not enter into an agreement to do so. The security video shows them outside the gas station at 2 a.m. wearing masks and hoodies and holding what appeared to be handguns. In other words, the video showed Jones and his companion performing an overt act, and the elements of a conspiracy were complete. As a result, for this conviction, a defense of abandonment is unavailable.

[10] As for Jones's conviction for attempted armed robbery, however, we find that the State did not overcome its burden of disproving Jones's abandonment defense beyond a reasonable doubt. According to the State, the jury could have reasonably inferred that Jones and his companion abandoned their plan to rob the gas station because of the presence of customers, thereby making their decision based on extrinsic factors rather than originating from their own

volition. Yet the case law on the defense of abandonment turns on whether extrinsic factors actually thwarted the person's attempt to commit a criminal act. *See Munford*, 923 N.E.2d at 18 (finding sufficient evidence to disprove abandonment defense because the defendant, while in a store restroom, removed liquor bottles from his coat and said, '"They're on us, we need to get out of here'"); *Gravens v. State*, 836 N.E.2d 490, 497 (Ind. Ct. App. 2005) (finding sufficient evidence to disprove abandonment defense because defendant became flustered and left the bank after the bank teller loudly questioned him about his demand note). Here, the only interaction that the store employee or any of the customers had with Jones or his companion was engaging in friendly conversation, which is not an extrinsic factor that would thwart an attempt to commit a crime. Thus, the mere presence of the store employee and customers is not enough to establish beyond a reasonable doubt that Jones and his companion did not voluntarily abandon their plan.

[11] Moreover, the overt act required to convict Jones of the conspiracy charge cannot be the same act used to prove that he attempted armed robbery. A violation of Article I, Section 14 of the Indiana Constitution, which protects a person against double jeopardy, occurs if "the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). *See Bradley v. State*, 867 N.E.2d 1282, 1285 (Ind. 2007) (finding that if the jury found one element of a charge satisfied by the evidence used to establish one element of another charge, then the double jeopardy clause was implicated). Here, a reasonable

possibility exists that the jury used the same evidentiary fact—that Jones and his companion were outside the gas station wearing masks and hoodies and holding what appeared to be handguns—to prove that Jones performed an overt act in furtherance of an agreement and that Jones took a substantial step toward the commission of an armed robbery. If this fact was used to establish the conspiracy, it could not be used to also establish the attempted armed robbery, and without it, the State cannot point to an action taken by Jones that would constitute a substantial step in his attempt to commit armed robbery.

[12] Finally, in charging Jones with attempted armed robbery, the State did not include theft as a lesser included offense in the charge; had the State structured its charge to encompass lesser included offenses, it seems likely that a jury would have found him guilty of a lesser offense such as theft. But because the State did not do so, we cannot simply reduce Jones's attempted armed robbery conviction to a theft conviction. For these reasons, we reverse Jones's conviction for attempted armed robbery and remand for resentencing.

[13] The judgment of the trial court is affirmed in part and reversed in part, and remanded with instructions to vacate the attempted armed robbery conviction and for resentencing.

Mathias, J., and Pyle, J., concur.