## ELLIOTT v
## BUSINESS MEN'S ASSURANCE CO

Ohio Appeals, 1st Dist, Butler Co

No 711. Decided May 31, 1937

C. W. Elliott, Hamilton, for appellee
Arnold. Wright, Purpus & Harlor, Columbus, for appellant.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment of the Court of Common Pleas of Butler County, declaring rights under a certain insurance policy issued by the appellant to the appellee.

The policy is dated the 9th day of June, 1928, and insured the appellee against incapacity resulting from sickness and injury and death resulting from accident.

The issue between the parties is as to whether the policy binds the insurer to continue the insurance until the insured reaches the age of 70 years. The insured contends that it does, and the trial court held with him.

On the other hand, the insurer contends that the policy provides for one term of insurance, ending October 1st, 1928. and for such additional terms as the parties might elect to continue it in force.

The specific provision as to the duration of the policy is:

"This insurance is issued in consideration of the application herefor, a copy of which is attached hereto and made a part hereof, and the payment in advance of Thirty Dollars, as the first premium covering the term ending on the first day of October, 1928. The insured may, with the consent of the company, renew the policy by payment of renewal premiums as follows: One Hundred Twelve Dollars for a term of twelve months. Fifty-six Dollars for a term of six months, or Twenty-Eight Dollars for a term of three months."

While it is argued that there is an uncertainty in this provision, it seems clear to us. It provides for "insurance to October 1st, 1928." definitely and positively in the first sentence. If the provision ended there it would be clear certainly that the insured could not require a continuance of the insurance beyond that date. That being true, if he has a right to require the insurer to continue the insurance, it must be found in the subsequent sentence of this provision. or in some other provision of the policy.

Confining our attention at this point to the remaining sentence of the above pro-

vision, we find that insurance after October 1st, 1928 is mentioned and such insurance is made conditional upon the consent of the insurer. The prolongation of the relation established by the issuance of the policy is made to depend upon the mutual consent of the parties. There is no provision for insurance on any other condition. No implication to that effect arises from the language used. The situation, therefore, did not call for language excluding that which would otherwise be embraced.

Counsel calls our attention to the name of this policy and to certain provisions of the policy which he considers inconsistent with the provision which we have quoted. These provisions are those granting fourteen days grace for payment of premium in event of renewal, providing for increase in the amount of the insurance upon successive renewal, reference to "due" date of premium, and "default" in payment of premiums, that premium must be "received" within certain time rather than "accepted" within certain time, designation of premium as "agreed" premium, and other provisions having relation to the continuance of the insurance. And counsel also contends that to give effect to this policy as a term policy, renewable at will, involves declaring that the policy provides for an exemption of fifteen days each three months from the insurance period, and also exempts from the insurance all sickness except such as causes immediate disability.

The terms of the policy show that the parties contemplated the possibility of the continuance of the relation created by it after October 1st, 1928. If it should be continued, the policy prescribed the terms.

When it is considered that there is just one policy—one writing—evidencing the terms of the agreement, we believe all the provisions are entirely harmonious and consistent with the thought that the continuance of the relation was optional. Certainly, no provision is inconsistent with that thought.

Nor does this construction lead to the conclusion that the policy so construed provides for exemption from liability for fifteen days every three months and for exemption from liability except for sickness causing immediate disability.

When it is considered that the parties placed in writing once and for all the terms that were to express their agreement, no matter how long they should choose to continue their relation, we think it plain that the exemption referred to only relates to the inception of the relation and not to any subsequent period.

We also regard the descriptive term "accumulations" without significance in this connection, and likewise the fact that the initial premium was $30.00 and subsequent ones only $28.00.

As we view it, the policy provides for term insurance, renewable at the option of the parties, from term to term. It is not distinguishable in principle from the policies considered in the cases of American National Ins. Co. v Ball, 218 SW 71; Glisson v Columbus Mutual Life Ins Co., 18 Abs 606; Hall v Provident Life & Accident Ins. Co., 172 SE 721; and Clardy v Universal Life Ins. Co., 79 SW (2d) 509, in which it was held that the insured had no contract for insurance beyond the initial term. The parties adopted this policy icy as the memorial of their agreement, with full knowledge of its terms, which we find to be unambiguous. Oral evidence of prior negotiations between them is inadmissible.

For these reasons, the judgment is reversed, and judgment entered in this court declaring that appellant is not bound by the policy to accept premiums and continue the insurance.

ROSS, PJ, and HAMILTON, J, concur.