

FILED

Sep 29 2017, 10:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deangelo Evans,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 29, 2017<br><br>Court of Appeals Case No.<br>27A02-1704-CR-826<br><br>Appeal from the Grant Superior Court<br><br>The Honorable Dana J. Kenworthy, Judge<br><br>Trial Court Cause No.<br>27D02-1602-F4-8 |

**Pyle, Judge.**

## Statement of the Case

Deangelo Evans ("Evans") appeals the sentence imposed after he pled guilty to three counts of Level 4 felony operating a motor vehicle while intoxicated

causing death,[1] one count of Level 6 felony operating a vehicle while intoxicated causing serious bodily injury,[2] and one count of Level 6 felony criminal recklessness.[3, 4] He specifically contends that his thirty-eight and one-half (38½) year aggregate sentence is inappropriate in light of the nature of the offenses and his character. Because we conclude that Evans' sentence is not inappropriate, we affirm the judgment of the trial court.

[1] We affirm.

## Issue

The sole issue for our review is whether Evans' sentence is inappropriate.

## Facts

[2] At approximately 5:00 a.m. on February 21, 2016, seven Manchester University students were returning from a visit with friends at Ball State University when the front driver's side tire blew out on their van while they were in the far-left northbound lane of I-69 in Grant County. The driver safely maneuvered the van to the left shoulder of the interstate and turned on the van's hazard lights.

---

[1] IND. CODE § 9-30-5-5.

[2] I.C. § 9-30-5-4.

[3] IND. CODE § 35-42-2-2.

[4] Evans also pled guilty to three counts of Level 5 reckless homicide. *See* I.C. § 35-42-1-5. However, the trial court merged the reckless homicide counts with the operating a vehicle while intoxicated causing death counts.

The students then exited the van to stand in the median where they thought they would be safe while a few of them attempted to change the tire. The students included Kirubel Hailu ("Hailu"), Brook Dagnew ("Dagnew"), Nerad Mangai ("Mangai"), and Israel Timire ("Timire"), who were all exchange students from Africa.

[3] About 30 minutes later, other drivers observed Evans driving erratically in the northbound lane of I-69 in Delaware and Grant Counties. He nearly struck two vehicles as he straddled the rumble strips, accelerated rapidly, passed vehicles while driving 70-85 miles per hour, and was "back and forth all over the road." (Tr. 46). Shortly after two motorists called 911 to report Evans' dangerous driving, Evans careened off the interstate and into the median at 70 miles per hour, striking and killing Hailu, Dagnew, and Mangai. The collision was so violent that Hailu's left arm was severed. Dagnew was nearly torn apart at the waist and his intestines spilled out of his open gut. Several of the victims were also in a state of undress as a result of the impact. Timire was seriously injured in the collision.

[4] Although Evans' van suffered extensive damage, Evans was initially unaware of the accident and did not stop his vehicle until further down the interstate when he felt wind blowing through his broken windshield. When police officers interviewed Evans later that afternoon, he admitted that before the accident he had been at a party in Indianapolis and had consumed alcohol, smoked marijuana, and taken alprazolam. He did not remember that he had driven into the median of the interstate and denied seeing hazard lights on the

students' disabled van. He also claimed that he did not understand why the victims' van was on the left side of the road and attempted to shift blame toward the victims instead of himself. Lab tests showed that Evans' blood alcohol content was 0.119.

The State charged Evans with three counts of Level 4 felony operating a motor vehicle while intoxicated causing death, three counts of Level 5 felony reckless homicide, one count of Level 6 felony operating a vehicle while intoxicated causing serious bodily injury, and one count of Level 6 felony criminal recklessness. Evans pled guilty to all counts.

At the sentencing hearing, the evidence revealed that twenty-seven-year-old Evans had an extensive criminal history that included felony convictions in Illinois for possession of methamphetamine, possession of a controlled substance, aggravated or unlawful use of a weapon or vehicle, possession of a schedule I or II narcotic, and street gang contact while on parole. Evans also had probation and parole violations. At the time Evans committed the offenses in this case, he was violating the conditions of his Illinois parole by being present in Indiana without permission. In addition, Evans, who had never been employed, "broke into cars, stole, and gambled" for money. (App. Vol. 3 at 12). He had sold marijuana in the past but explained that he did not make much money because he was "smoking all of the time." (App. Vol. 3 at 12). According to Evans, he stayed high all day long; however, "if [his] parole officer told him he was going to 'drop him' on a urine screen then he would stop using." (App. Vol. 3 at 12).

[7]     At the end of the sentencing hearing, the trial court summarized the evidence as

it related to Evans' character and the circumstances and the nature of the

offenses as follows:

> [Evans'] statements in his presentence investigation interview
> indicated that he's relied upon his family members and girlfriends
> to financially support him, that he has broken into cars, stolen
> and gambled for money. . . . [Evans] is 27 years of age and has
> never held legitimate employment. . . . [Evans] describes a
> current lifestyle of staying high all day long; however if his parole
> officer told him that he was going to drop him or give him a
> urine drug screen, [Evans] would stop using so he could pass that
> screen. . . . These statements indicate that [Evans] is able to
> control his use in a calculated effort to evade parole
> consequences. [Evans] was on parole in Illinois but living in
> Indiana. Again he was not supposed to even be here at the time
> of these crimes. . . . In sum, [Evans'] character and attitudes
> indicated that he has little interest in following the rules of
> community supervision and little motivation to take affirmative
> steps to improve his lifestyle. This pattern has been consistent
> from [Evans'] teenage years through the age of 27 years.
> Probation, parole, and short-term incarceration have all failed to
> motivate him to engage in law-abiding behavior. [Evans] poses a
> high risk of committing further criminal offenses if not
> incarcerated. . . . The Court also considers the circumstances of
> the crime particularly those circumstances that exceed the
> elements necessary to find him guilty of the crimes charged.
> First, he had a blood alcohol content of .119 and was also
> positive for marijuana and Alprazolam at the time of the crash.
> He chose to consume all of those substances in the hours before
> the crime at a time when he was on both parole and bond. He
> states he felt fine to drive, yet the defendant was observed prior to
> the crash driving in an erratic manner, at a high rate of speed,
> nearly sideswiping another vehicle and nearly rear-ending a semi
> prior to this crash. . . . The victims were on the side of the road
> due to a flat tire with their vehicle flashers on. The victims were
> standing outside their van in the median because they thought it
> would be safer than remaining inside it. [Evans] did not brake or
> attempt to avoid striking the victims with his vehicle. Instead, he
> struck them at a high rate of speed at least 70 miles per hour.

The sheer velocity of [Evans'] vehicle threw the victims significant distance, dismembered one of them, and disrobed another. Following the crash [Evans] continued to drive and reported stopping farther down the road after he felt the wind from the broken window. When interviewing by, by police immediately after the crash, [Evans] denied driving into the median, denied that the victims' vehicle had its flashers activated, repeatedly claimed he was not intoxicated, and shifted blame from himself to the victims because they were on the left side of the road instead of the right. . . . In fashioning an appropriate sentence, the Court also considers the impact of [Evans'] crimes on the victims and their families, and here, I cannot vocalize the magnitude of that impact. Three young international Manchester, Manchester University students died as a result of [Evans'] crimes. All were here from their native Africa in pursuit of a high quality education. All were excellent students, one even getting straight A+'s at college. [Hailu] was 19 years old, studying with a goal to become an innovative medical doctor who would build medical equipment to save lives and protect humanity. [Hailu] was his parents' bonus baby. [Dagnew] was 19 years old. He was studying to become a cardiac surgeon. [Dagnew's] parents emptied their savings account to send him here to the United States to get a good education. [Mangai] was studying to become a neurosurgeon with a goal of establishing hospitals in the poorer African countries. She, too, was going to give back. The families of the deceased victims had to travel from Africa to collect the bodies of their children at great emotional and financial expense. The funeral costs to [Mangai's] family alone was $30,000. The families express that [Evans] has sentenced them to a life of grief and loss. One described it as hell on earth. [Mangai's] father suffers from physical symptoms as a result of his grief. The families of the deceased urged the Court to give [Evans] the maximum sentence under the law.

(Tr. 86-92).

[8] The trial court then sentenced Evans to eleven and one-half (11½) years for each Level 4 operating a motor vehicle while intoxicated causing death conviction and two (2) years each for the Level 6 felony operating a vehicle

while intoxicated causing serious bodily injury and criminal recklessness convictions. The trial court ordered all of the sentences to run consecutively to each other for a total executed sentence of thirty-eight and one-half (38½) years. Evans now appeals his sentence.

## Decision

Evans' sole argument is that his thirty-eight and one-half-year aggregate sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as

substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[11] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Evans was convicted of three Level 4 felonies and two Level 6 felonies. The sentencing range for a Level 4 felony is between two and twelve years, with an advisory sentence of six years. *See* I.C. § 35-50-2-5.5. The sentencing range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7.

[12] Here, the trial court sentenced Evans to eleven and one-half years for each of his Level 4 convictions and two years for each of his Level 6 felony convictions. The trial court ordered all of the sentences to run consecutively to each other for a total executed sentence of thirty-eight and one-half years. The maximum sentence would have been forty-one years.

[13] With regard to the nature of the offenses, we note that Evans consumed alcohol, smoked marijuana, and ingested alprazolam before carelessly getting behind the wheel of a car to drive. Then, while driving with a blood alcohol content that was over the legal limit, Evans careened off the interstate and struck four stranded college students. Three of the students were dismembered, disrobed, and killed by the impact of the violent collision. Another student was seriously injured. Further, as the State correctly points out, "hours after the

collision[,] when [Evans] was able to be interviewed by law enforcement officers, he had the audacity to shift responsibility for the accident from his own extraordinarily reckless actions to the victims, claiming they should not have stopped the van where they did and that he would have seen them if they had properly had the vehicle hazard lights on – which they in fact did." (State's Br. 11).

[14] With regard to the nature of Evans' character, we note that he has never been legitimately employed and uses drugs daily. He is able to control his use in a calculated effort to avoid criminal consequences. Additionally, Evans has a criminal history that includes multiple felony convictions in Illinois, as well as probation and parole violations. At the time Evans committed the offenses in this case, he was violating his Illinois parole by being in Indiana without permission. Evans' former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*.

[15] Evans has failed to meet his burden to persuade this Court that his thirty-eight and one-half-year aggregate sentence for his convictions for three counts of Level 4 felony operating a motor vehicle while intoxicated causing death, one count of Level 6 felony operating a vehicle while intoxicated causing serious bodily injury, and one count of Level 6 felony criminal recklessness is inappropriate.

Affirmed.

Riley, J., and Robb, J., concur.