FILED
Jun 18 2018, 10:45 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus T. Threatt, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 18, 2018

Court of Appeals Case No.
22A01-1710-CR-2402

Appeal from the Floyd Superior
Court.
The Honorable Susan L. Orth, Judge.
Trial Court Cause No.
22D01-1512-MR-2296

**Shepard, Senior Judge**

[1] Appellant Marcus Threatt was sentenced to twenty years with two and one-half years suspended upon his conviction of robbery, a Level 2 felony.[1] Concluding the sentence imposed by the trial court was not inappropriate, we affirm.

## Facts and Procedural History

[2] In December 2015, Threatt arranged that he and Keontez Malone would purchase marijuana from Threatt's friend Charlie Fischbach. Threatt and Malone planned to take the marijuana without paying for it. When the three men met for the transaction, Fischbach resisted and Malone shot him. Fischbach died.

[3] Threatt was charged with murder[2] and dealing in marijuana, a Level 6 felony.[3] In an open plea, he pleaded guilty to a reduced charge of robbery as a Level 2 felony, and the State agreed to dismiss the marijuana charge. The trial court sentenced Threatt to twenty years with two and one-half years suspended to probation. He now appeals.

## Issue

[4] Threatt presents one issue for our review: whether his sentence is inappropriate.

---

[1] Ind. Code § 35-42-5-1 (2014).

[2] Ind. Code § 35-42-1-1(2) (2014).

[3] Ind. Code § 35-48-4-10(c)(2)(A) (2014).

# Discussion and Decision

[5] Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences. Indiana Appellate Rule 7(B) provides that we may revise a sentence if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

[6] The principal role of appellate review under Rule 7(B) is to attempt to leaven the outliers, not to achieve a perceived "correct" result in each case. *Garner v. State*, 7 N.E.3d 1012 (Ind. Ct. App. 2014). In other words, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

[7] To assess such a claim, we look first to the statutory range established for the class of the offense. Here, the offense is a Level 2 felony, for which the advisory sentence is seventeen and one-half years, with a minimum of ten and a maximum of thirty years. Ind. Code § 35-50-2-4.5 (2014). Although Threatt was sentenced to twenty years, the executed portion of his sentence is equal to the advisory term.

[8] Next, we look to the nature of the offense and the character of the offender. As to the current offense, this was a drug deal gone bad. Threatt and Malone planned to grab the marijuana and run, but in the process a young man was killed.

[9] As for the character of the offender, we observe that Threatt was employed full time at the time of his arrest and had been for several months. However, while he claims to have been a law-abiding citizen as an adult, he admitted that he used marijuana every day. Further, Threatt arranged this deal and, in doing so, facilitated the death of a childhood friend. At sentencing, the trial judge found noteworthy the fact that Threatt's juvenile probation was terminated as unsuccessful.

[10] In arguing that his sentence should be reduced, Threatt claims that his twenty-year sentence is too high given that Malone, the shooter, was sentenced to thirty years. We may compare sentences of co-defendants convicted of the same or similar crimes, but we are not required to do so. *Clark v. State*, 26 N.E.3d 615 (Ind. Ct. App. 2014). Regardless of who pulled the trigger in this

case, the result of Threatt's criminal endeavor to obtain marijuana was the murder of a young father. *See Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (holding that courts are not required to "turn a blind eye to the facts of the incident that brought the defendant before them" and may consider as aggravating circumstances facts that would have supported charges dismissed under the plea). Yet, the State agreed to allow Threatt to plead to Level 2 felony robbery, for which he received a sentence of twenty years, with only seventeen and one-half years executed. This is considerably less than the thirty years Malone received for his conviction of voluntary manslaughter. Even if the shooting was completely unexpected, as Threatt claims, he arranged the deal and, at the very least, set up his friend to be robbed, surely understanding that violence was a possibility in such a drug deal/robbery.

## Conclusion

[11] We conclude Threatt's sentence is not inappropriate given the nature of the offense and his character.

[12] Affirmed.

Vaidik, C.J., and Crone, J., concur.