## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2018, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicole A. Zelin
Pritzke & Davis, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven R. Grogan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 11, 2018 <br><br> Court of Appeals Case No. 18A-CR-302 <br><br> Appeal from the Hancock Circuit Court <br><br> The Honorable Jeffrey C. Eggers, Judge Pro Tem <br><br> Trial Court Cause No. 30C01-1701-F3-59 |

**Crone, Judge.**

# Case Summary

A jury found Steven Grogan guilty of three counts of level 3 felony rape and one count of class B misdemeanor battery, and the trial court sentenced him to twenty-seven years. On appeal, Grogan contends that his rape convictions are not supported by sufficient evidence, that the trial court erred in instructing the jury, and that his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

The facts most favorable to the jury's verdicts are as follows. In June 1999, when Grogan was eighteen, his girlfriend gave birth to their daughter, C.G. Grogan joined the military, and C.G. lived with her mother in Kentucky. Grogan obtained custody of C.G. when she was thirteen, and she moved into the home that Grogan shared with another girlfriend and their young son. In December 2015, Grogan found out that C.G. was talking to a male high school classmate, and "he did not like that fact at all." Tr. Vol. 2 at 134. He told C.G. "that he believed that he's the only man that [she] needed, the only man that [she] needed to love and that he could give [her] everything that [she] needed from a man." *Id*. Their relationship "started to become more of a romantic relationship not just your average Father/Daughter relationship." *Id*. at 136. Grogan "started to be much more touchy with [C.G.]" and "would say that [she] had a nice butt, that [her] butt looked nice[,]" that she had "a nice body." *Id*.

[3] During Christmas break, Grogan told C.G. that she should "just let" him perform oral sex on her and that "it would feel good." *Id*. at 138. He led her into her bedroom, removed her shorts and underwear, and placed his mouth on her genitals. C.G. felt that she had to participate because Grogan "had complete control over [her]" and "because of his anger I mean you don't – you don't want to see him angry, it's – it's very frightening and it was very hard." *Id*. at 140. C.G.'s "life was already so bad and [she] knew it was going to become even more of a hell if [she] didn't give him what he wanted." *Id*. She knew "if [she] didn't give him what he wanted he would get even more angry." *Id*. at 141. She had seen Grogan angry "[m]any times." *Id*. He would "usually … break things[,]" but he had also physically abused her and others in the past. *Id*.

[4] Thereafter, Grogan engaged in sexual activity with C.G. almost "daily[.]" *Id*. at 143. He had sexual intercourse with C.G. "[p]robably over three hundred times." *Id*. at 144. He also "made [her] give him oral sex" on multiple occasions. *Id*. at 149. C.G. "would gag very badly, but for some odd reason he enjoyed that, like he was satisfied by that and he like wanted that to happen more." *Id*. at 181. Grogan never held C.G. down or brandished any weapon, but if C.G. "turned him down he would fly off the handle." *Id*. at 147-48. On one occasion, Grogan "kept trying to pull down [her] shorts[,]" and C.G. "was like no please no please no." *Id*. at 148. He yelled at her and was "stomping up and down the stairs pushing [her] around." *Id*. "[I]n order to calm him down [she] ended up having to give in like [she] always did." *Id*. On another

occasion, Grogan tried to "squeeze" his penis into C.G.'s anus, which "was just excruciating"; she "screamed and cried" and "couldn't take it." *Id.* at 151.

[5] In the spring of 2016, C.G. secretly went to prom with her male classmate. Grogan found out and repeatedly slapped her face, leaving "a bad mark on [her] lip." *Id.* at 157. In September, C.G. was removed from Grogan's home by the Department of Child Services. In December, C.G. told her therapist that Grogan had sexually abused her.

[6] The State charged Grogan with three counts of level 3 felony rape (one relating to sexual intercourse and two relating to "other sexual conduct"[1]), one count of level 5 felony incest, and one count of class B misdemeanor battery. After a trial, the jury found him guilty as charged. The trial court merged the incest conviction with the rape convictions and imposed consecutive nine-year executed sentences on the latter, to run concurrent with a 180-day sentence on the battery conviction, for an aggregate sentence of twenty-seven years. Grogan now appeals. Additional facts will be provided below.

---

[1] Indiana Code Section 35-31.5-2-221.5 defines "other sexual conduct" in pertinent part as an act involving the sex organ of one person and the mouth or anus of another person.

# Discussion and Decision

## Section 1 – Grogan's rape convictions are supported by sufficient evidence.

[7] Indiana Code Section 35-42-4-1(a) provides in relevant part that level 3 felony rape is knowingly or intentionally having sexual intercourse or other sexual conduct with another person when the other person is compelled by force or imminent threat of force. Grogan contends that the State failed to present sufficient evidence that he compelled C.G. to have sexual intercourse and other sexual conduct by force or imminent threat of force. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of witnesses. *Bell v. State*, 31 N.E.3d 495, 500 (Ind. 2015). We respect the jury's exclusive province to weigh conflicting evidence, and we "must consider only the probative evidence and reasonable inferences supporting the verdict." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). "A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim." *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). "[I]f the testimony believed by the trier of fact is enough to support the verdict, then the reviewing court will not disturb it." *Bell*, 31 N.E.3d at 500.

[8] Our supreme court has explained that "[t]he force necessary to sustain a rape conviction need not be physical; it may be constructive or implied from the circumstances." *Jones v. State*, 589 N.E.2d 241, 242 (Ind. 1992). In arguing that the State failed to prove that he used force or imminent threat of force to compel C.G. to engage in sexual activity, Grogan points to C.G.'s testimony

that he never held her down or used a weapon. He also asserts that "C.G.'s statements that [he] would pout or that she feared [he] would not allow her to engage in extra-curricular activities outside the home if she did not submit to sexual intercourse or other sexual conduct [do] not lead to an inference of constructive or implied force." Appellant's Br. at 14.

[9] Grogan's argument disregards C.G.'s testimony that he "she worried that he would "fly off the handle" if she spurned his sexual advances, and that he had physically abused her when he got angry.[2] Tr. Vol. 2 at 148. It also disregards C.G.'s testimony that he once "push[ed her] around" when she resisted his entreaties until she "ended up having to give in like [she] always did." Id.[3] This testimony, if believed, is sufficient to support a verdict that Grogan compelled C.G. to engage in sexual intercourse and other sexual conduct by force or imminent threat of force, and therefore we will not disturb it.[4]

## Section 2 – Grogan has waived his claim of instructional error.

[10] Grogan also contends that the trial court committed reversible error in giving the following jury instruction tendered by the State:

---

[2] Grogan's assertions to the contrary on pages 9 and 13 of his initial brief are not well taken.

[3] The State emphasizes the forcefulness with which Grogan engaged in oral and anal sex. Evidence that a person forcefully engaged in sexual activity is not dispositive of whether force was used to compel the sexual activity.

[4] We decline Grogan's invitation to second-guess the jury's decision under the incredible dubiosity rule, because C.G.'s testimony was not "inherently contradictory, equivocal, or the result of coercion[.]" *Moore v. State*, 27 N.E.3d 749, 756 (Ind. 2015). Grogan's reliance on pre-*Moore* authority is misplaced.

Although an element of the offense of sexual battery is that the victim was compelled to submit to the touching by force or the imminent threat of force, the force need not be physical or violent, but may be implied from the circumstances. Evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force. However, it is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined. This is a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question. The issue is thus whether the victim perceived the aggressor's force or imminent threat of force as compelling her compliance.

Tr. Vol. 4 at 93.

[11] "Generally, jury instructions are within the sole discretion of the trial court, and we will reverse the trial court's decision only for an abuse of that discretion." *Harris v. State*, 884 N.E.2d 399, 402 (Ind. Ct. App. 2008), *trans. denied*. "Jury instructions are to be considered as a whole and in reference to each other, and we will not reverse the trial court's decision as an abuse of discretion unless the instructions as a whole mislead the jury as to the law of the case." *Id.* (quoting *Brown v. State*, 830 N.E.2d 956, 966 (Ind. Ct. App. 2005)). "To be entitled to a reversal, the defendant must affirmatively show that the erroneous instruction prejudiced his substantial rights." *Id.*

[12] The foregoing instruction derives from *Chatham v. State*, in which another panel of this Court used that language to address the defendant's claim that the evidence was insufficient to support his conviction for sexual battery. 845

N.E.2d 203, 206-07 (Ind. Ct. App. 2006).  Grogan notes that our supreme court has stated that "[t]he mere fact that certain language or expression [is] used in the opinions of this Court to reach its final conclusion does not make it proper language for instructions to a jury."  *Ludy v. State*, 784 N.E.2d 459, 462 (Ind. 2003) (second alteration in *Ludy*) (quoting *Drollinger v. State*, 274 Ind. 5, 25, 408 N.E.2d 1228, 1241 (1980)).  He further notes that the court in *Newbill v. State*, citing *Ludy*, discouraged trial courts from giving this similar instruction:

> It is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined. This is a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question.  The issue is whether the victim perceived the aggressor's force or imminent threat of force as compelling her compliance.  The element of force may be inferred from the circumstances.

884 N.E.2d 383, 393 (Ind. Ct. App. 2008), *trans. denied*.  The *Newbill* court agreed with the defendant, who had been convicted of rape, that the instruction "may not properly reflect the perspective from which a *jury* should consider the evidence of forceful compulsion" and opined that "the 'perspective' for a jury's consideration of the evidence of forceful compulsion in a rape trial might better be described as either the 'objective perspective of the victim' or the 'reasonable

perspective of the victim.'" *Id.*[5] The *Newbill* court "discourage[d] trial courts from using this language as an instruction in the future" but went on to consider the instructions as a whole and determined that the trial court did not abuse its discretion "by giving the instruction at issue." *Id.* at 393-94.

[13] Beyond mentioning the *Newbill* court's admonishment, Grogan has failed to affirmatively show that the instruction in this case,[6] let alone the instructions as a whole, prejudiced his substantial rights. "Bald assertions of error unsupported by either cogent argument or citation to authority result in waiver of any error on review." *Pasha v. State*, 524 N.E.2d 310, 314 (Ind. 1988). We find that Grogan has waived any instructional error and therefore affirm his convictions.

## Section 3 – Grogan has failed to establish that his sentence is inappropriate.

[14] Finally, Grogan asks us to reduce his twenty-seven-year sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and

---

[5] The defendant in *Newbill* had posited

> that "a female may have been constantly beaten in the past, to the extent that she fears telling any man 'no' when he asks her for sex, least [sic] she again be beaten. A man who otherwise innocently has sex with this woman would be committing rape because from her perspective, she perceived any requests for sex as a threat of force which compelled her to have sex."

884 N.E.2d at 393 n.6 (quoting Appellant's Br. at 14-15).

[6] Grogan was not charged with sexual battery, which has been held not to be a lesser included offense of rape. *Thompson v. State*, 761 N.E.2d 467, 469-70 (Ind. Ct. App. 2002). Grogan makes no argument in this regard.

the character of the offender. "The principal role of appellate review under Rule 7(B) is to attempt to leaven the outliers, not to achieve a perceived 'correct' result in each case." *Threatt v. State*, 105 N.E.3d 199, 200 (Ind. Ct. App. 2018), *trans. denied*. "Whether we regard a sentence as inappropriate turns on the 'culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.'" *Evans v. State*, 85 N.E.3d 632, 636 (Ind. Ct. App. 2017) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). "[T]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Threatt*, 105 N.E.3d at 200 (citation omitted).

[15] "The advisory sentence is the starting point selected by the legislature as an appropriate sentence for the crime committed." *Reis v. State*, 88 N.E.3d 1099, 1104 (Ind. Ct. App. 2017). The sentencing range for a level 3 felony is three to sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5(b). Grogan received the advisory sentence for each of his rape convictions. His only argument regarding the nature of those offenses is premised on a "deviation from the advisory sentence[,]" which did not occur here. Appellant's Br. at 19. In any event, Grogan's serial raping of his teenaged daughter in her own home, which left her with "nightmares and scars[,]" does not support a sentence reduction. Tr. Vol. 4 at 129 (C.G.'s testimony at sentencing hearing).

[16] As for Grogan's character, we acknowledge that he had no prior criminal or juvenile history. But we cannot overlook Grogan's betrayal of his position of trust, which the trial court found to be an aggravating factor. "Abusing a position of trust is, by itself, a valid aggravator that may support a *maximum* sentence." *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016) (emphasis added), *trans. denied* (2017). Grogan argues that his sentences should be concurrent,[7] but our supreme court has cautioned that "additional criminal activity directed to the same victim should not be free of consequences." *Cardwell*, 895 N.E.2d at 1225. Grogan's "additional criminal activity" took the form of sexually assaulting his teenaged daughter almost daily for nine months, which calls for serious penal consequences. Grogan has failed to persuade us that his sentence is inappropriate in light of the nature of the offenses and his character, and therefore we affirm.

[17] Affirmed.

Najam, J., and Pyle, J., concur.

---

[7] Grogan's argument is premised on *Kocielko v. State*, 943 N.E.2d 1282 (Ind. Ct. App. 2011), *opinion on reh'g*, *trans. denied*, which is inapposite because it involved a single encounter with one victim.